UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DENNIS SOLOMON,** | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|       v. | )  1:20-cv-11894-JDL |
| | ) |
| **FRANK FREDRICKSON, et al.,** | ) |
| | ) |
|   Defendants. | ) |

## PROCEDURAL ORDER

Plaintiff Dennis Solomon, who is proceeding pro se, has filed two motions relating to service of process in this matter: a motion for reimbursement of service fees (ECF No. 14), and a motion for issuance of summons (ECF No. 15).

In Solomon's motion for issuance of summons, he requests that the Court[1] direct the Clerk of Court to issue summonses for all Defendants who have not waived service. Under Federal Rule of Civil Procedure 4(b), it is the plaintiff's responsibility to "present a summons to the clerk for signature and seal." Only "[i]f the summons is properly completed" must the clerk "sign, seal, and issue it to the plaintiff." *Id.* Solomon has not presented summonses to the Clerk of Court. Therefore, there is no basis for the Court to direct the Clerk to issue summonses. Summons forms are available on the Court's website. *See Pro Se Litigants*, U.S. Dist. Court for the Dist. of Mass., https://www.mad.uscourts.gov/general/prose-litigants.htm (last visited Feb. 5, 2021).

---

[1] The case was assigned to the undersigned judge by an order of Chief United States Circuit Judge Jeffrey R. Howard, dated October 28, 2020 (ECF No. 5).

Solomon's motion for reimbursement of service fees raises two issues regarding service of process on Defendants Joseph Biden and Kamala Harris.[2] First, Solomon asserts that he mailed a waiver of service form to these Defendants, and asks that the Court order these two Defendants to "remit [$110] each to cover the actual, out-of-pocket cost" of service. ECF No. 14 at 1. The Court construes this request as a motion for costs under Rule 4(d)(2). However, even if it is assumed that Solomon has actually provided sufficient notice to bring Rule 4(d)(2) into play,[3] the Rule only permits the award of "expenses *later* incurred in making service," Fed. R. Civ. P. 4(d)(2)(A) (emphasis added). Rule 4(d)(2) does not allow an imposition of costs that the plaintiff has not yet incurred. Solomon does not suggest that he has yet made service on these Defendants, and an award of expenses would be premature.

Second, and in the alternative, Solomon requests that the Court order service by the United States Marshals Service under Rule 4(c)(3). However, because Solomon is not proceeding *in forma pauperis*, he must "first attempt to make service by some other means." 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1090 (4th ed., Oct. 2020 Update); *see Bax v. Exec. Office for U.S. Attorneys*, 216 F.R.D. 4, 4-5 (D.D.C. 2003); *accord Rankins v. Flores*, Civil No. 20-11908-LTS, 2020 WL 7699760, at *2 (D. Mass. Dec. 28, 2020). Again, there is no indication that Solomon has attempted to make service in accordance with Rule 4,

---

[2] In Solomon's complaint, which was filed on October 19, 2020, he names Biden in his personal capacity and his official capacity as "former Vice President of the United States," and names Harris in her personal capacity and her official capacity as "former Attorney General of the State of California." ECF No. 1 ¶¶ 30, 33.

[3] Solomon asserts that he mailed the waiver of service forms to the Director of the United States Secret Service, and that it is his "understanding that both Defendants received notice of the Summons and Complaint." ECF No. 14 at 1.

and the Court therefore declines to order the U.S. Marshals Service to effect service of process.

For the foregoing reasons, it is **ORDERED** that Solomon's motion for issuance of summons (ECF No. 15) and motion for reimbursement of service fees (ECF No. 14) are **DENIED**.

**SO ORDERED.**

**Dated this 8th day of February, 2021**

/s/ JON D. LEVY
**CHIEF U.S. DISTRICT JUDGE**