UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:20-cv-11894-JDL |
| | ) |
| FRANK FREDRICKSON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO RECONSIDER**

Plaintiff Dennis Solomon, who is proceeding pro se, has filed a motion seeking reconsideration of the Court's[1] Order denying two of his motions related to service of process in this matter (ECF No. 24). Specifically, in his prior motions, Solomon requested that the Court (1) direct the Clerk of Court to issue summonses for all of the Defendants who have not waived service (ECF No. 15), and (2) order two of the Defendants to reimburse Solomon for service fees that he has not yet incurred (ECF No. 14).

With respect to Solomon's motion for issuance of summons, the Court previously denied the motion because Solomon had not presented completed summonses to the Clerk for issuance, as required under Federal Rule of Civil Procedure 4(b). In connection with his motion for reconsideration, Solomon has attached what appear to be properly completed summonses for all forty-one

---

[1] The case was assigned to the undersigned judge by an order of Chief United States Circuit Judge Jeffrey R. Howard, dated October 28, 2020 (ECF No. 5).

Defendants who have not yet appeared in this matter (ECF No. 24-1). Accordingly, the Court will direct the Clerk to sign, seal, and issue the summonses.

Regarding Solomon's other motion, the Court previously denied his request for reimbursement of service fees because Federal Rule of Civil Procedure 4(d)(2) does not authorize a court to impose service costs that a plaintiff has not yet incurred. In his motion for reconsideration, Solomon has dropped his request for prepayment, and instead asks the Court to make a preemptive "finding" that the Defendants who have not appeared have violated Rule 4(d) by refusing to waive service, ECF No. 24 at 2, and to "issue a statement of pending sanctions against the Defendants," *id.* at 3.[2] There are at least two reasons why such an order would be inappropriate. First, Solomon has not provided any evidence that he has complied with the requirements of Rule 4(d)(1); instead, he simply makes unsworn assertions that he sent waiver of service forms "in accordance with Rule 4 by certified and accepted U.S. Postal Mail." ECF No. 24 at 3. More importantly, however, Rule 4(d)(2) provides that a defendant is not liable for service costs if she has "good cause" for failing to waive service. *See* 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1092.1 (4th ed., Oct. 2020 Update) ("The most obvious illustration of good cause would be never having received the notice and request for waiver and the complaint."). It would be improper for the Court to find that the Defendants lacked good cause for their alleged failure to waive service without giving them an opportunity to demonstrate good cause. Additionally, to the extent that Solomon requests

---

[2] In Solomon's original motion for reimbursement of service fees, he asked for reimbursement as to only two Defendants. He now seeks an order as to all Defendants who have not waived service.

something in the vein of a judicial warning that the Defendants may be liable for Solomon's costs of service if they ignore his waiver requests without good cause, Rule 4(d)(2) is sufficient warning by itself.

For the foregoing reasons, it is **ORDERED** that Solomon's motion for reconsideration (ECF No. 24) is **GRANTED IN PART** as to the issuance of summonses. The motion is otherwise **DENIED**. The Clerk is directed to sign, seal, and issue the summonses attached to Solomon's motion (ECF No. 24-1).

**SO ORDERED.**

**Dated this 3rd day of March, 2021.**

                                                                                      **/s/ JON D. LEVY**
                                                                                **CHIEF U.S. DISTRICT JUDGE**