## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS SOLOMON,<br>　　　　　Plaintiff,<br><br>v.<br><br>FRANK FREDRICKSON, MICHAEL<br>WATERSTONE, KAMALA HARRIS, JOE BIDEN,<br>DOUGLAS WOLF, VINCENT LECLERC, ET AL.<br>　　　　　Defendants. | CIVIL ACTION NO. 20-CV-11894-JDL |

### DEFENDANT MICHAEL KENNEFICK'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Michael Kennefick ("Defendant" or "Attorney Kennefick"), respectfully submits this Motion to Dismiss all claims alleged against him in the Plaintiff Dennis Solomon's Complaint. The Complaint fails to state a claim against Attorney Kennefick upon which relief can be granted under Fed. R. Civ. 12(b)(6).

In this action, Plaintiff alleges that he was wrongfully deprived of his firearms. As to Attorney Kennefick, Plaintiff alleges that as the attorney for Frank Frederickson, the Chief of Police for the Town of Yarmouth, Attorney Kennefick filed a motion to dismiss Plaintiff's petition to review the suspension of Plaintiff's Massachusetts License to Carry Firearms in the Barnstable District Court. Plaintiff alleges that the motion to dismiss was misleading and that Attorney Kennefick intentionally served Plaintiff by postal mail rather than electronic mail, knowing that the Plaintiff would not receive postal mail during the Jewish High Holiday Period from September 29 to October 20, 2019, and causing Plaintiff to miss the motion to dismiss hearing on October 18, 2019.

Plaintiff's federal action against Attorney Kennefick must be dismissed as it is barred by the Rooker-Feldman doctrine which instructs that federal courts lack jurisdiction over cases brought by parties who have lost in state court. Additionally, it is undisputed that Attorney

Kennefick was not Plaintiff's attorney. The Complaint fails to state a claim against Attorney Kennefick upon which relief can be granted because Attorney Kennefick, as counsel for Plaintiff's adversary, owed no duty to Plaintiff. Further, all of the claims against Attorney Kennefick are based upon purported conduct in relation to the litigation in Barnstable, and as such, the claims are barred by the absolute litigation privilege. Finally, the Complaint against Attorney Kennefick should be dismissed because the only conduct alleged, that Attorney Kennefick served a motion to dismiss by postal mail rather than electronic mail, was conduct explicitly required by the Massachusetts Rules of Procedure.

Attorney Kennefick refers to and incorporates herein the attached Memorandum of Law in Support of Defendant Michael Kennefick's Motion to Dismiss.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I hereby certify that on March 3, 2021, counsel for the Defendant spoke with the *pro se* Plaintiff via telephone pursuant to Local Rule 7.1(a)(2) and attempted in good faith to resolve or narrow the issue. The argument could not be resolved. Accordingly, Defendant files this motion.

Respectfully submitted,

Defendant, Michael Kennefick

By his attorneys,

*/s/William T. Bogaert*
William T. Bogaert, BBO # 546321
William.Bogaert@wilsonelser.com
Marissa Tripolsky, BBO # 691533
Marissa.Tripolsky@wilsonelser.com
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110-3112
Dated: March 4, 2021                  617-422-5300

1480340v.1

## <u>CERTIFICATE OF SERVICE</u>

I, William T. Bogaert hereby certify that the foregoing document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by first class mail, postage prepaid, on March 4, 2021.

*/s/ William T. Bogaert*
William T. Bogaert

1480340v.1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

DENNIS SOLOMON,
                    Plaintiff,

v.

FRANK FREDRICKSON, MICHAEL
WATERSTONE, KAMALA HARRIS, JOE BIDEN,
DOUGLAS WOLF, VINCENT LECLERC, ET AL.
                    Defendants.

CIVIL ACTION NO. 20-CV-11894-JDL

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT MICHAEL KENNEFICK'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Michael Kennefick ("Defendant" or "Attorney Kennefick"), respectfully submits this Memorandum of Law in support of his Motion to Dismiss all claims alleged against him in the Plaintiff Dennis Solomon's Complaint.  The Complaint fails to state a claim against Attorney Kennefick upon which relief can be granted under Fed. R. Civ. 12(b)(6).

## I.    INTRODUCTION

Plaintiff's claims against Attorney Kennefick arise out of Plaintiff's Petition filed in the Barnstable District Court against Frank Frederickson in his capacity as Chief of Police for the Town of Yarmouth, Civil Action No. 1925CV0320 ("the Barnstable District Court Action"), to appeal the Chief's suspension of Plaintiff's Class A license to Carry Firearms.  Complaint at ¶¶ 75-78.   As counsel for Chief Frederickson, the named defendant in the Barnstable District Court Action, Attorney Kennefick filed a motion to dismiss.  *See* Complaint at ¶ 81 and motion to dismiss (without exhibits) attached to Plaintiff's Complaint.  Plaintiff asserts that he did not receive notice of the October 18, 2019 hearing on the motion to dismiss and the Court granted the motion by default.  Complaint at ¶¶ 82-84, 176.  Plaintiff asserts that he missed the October 18, 2019 hearing because Attorney Kennefick and Defendant Frederickson intentionally served the Plaintiff by

postal mail instead of electronic mail, knowing that Plaintiff would not receive notice of the hearing until at least October 20, 2019 because it was the Jewish High Holiday period and he was visiting his mother.  Complaint at ¶¶ 80-84.  Plaintiff alleges that those actions by Attorney Kennefick violated Plaintiff's rights secured by the United States Constitution.  Complaint at ¶¶ Counts One, Three, and Four.

Plaintiff's Complaint against Attorney Kennefick must be dismissed where this Court lacks jurisdiction over Plaintiff's claim pursuant to the Rooker-Feldman doctrine which precludes federal courts from presiding over cases brought by parties seeking to challenge cases they lost in state court.  Plaintiff's only avenue to contest the Barnstable District Court decision is to do so in Massachusetts state court.

Second, it is undisputed that Attorney Kennefick was not Plaintiff's attorney.  The Complaint fails to state a claim against Attorney Kennefick upon which relief can be granted because Attorney Kennefick, as counsel for the Yarmouth Chief of Police, did not owe and cannot be held to owe any duty to the Plaintiff.  In the absence of an attorney-client relationship, courts will only impose a duty on a lawyer to non-clients only in rare circumstances not present here.

Third, all of the Counts against Attorney Kennefick are based upon purported conduct in relation to the litigation in the Barnstable District Court Action, and as such, the claims are barred by the absolute litigation privilege.  Plaintiff seeks to hold Attorney Kennefick liable for the allegedly improper service of a motion to dismiss with respect to Attorney Kennefick's representation of the Yarmouth Chief of Police. The Complaint clearly indicates on its face, that such conduct occurred in connection with the litigation of the Barnstable District Court Action, and is thus protected by the litigation privilege.

Finally, the Complaint against Attorney Kennefick should be dismissed because the only conduct upon which the claims against him are based -  that Attorney Kennefick served a motion

2

to dismiss by postal mail rather than electronic mail - was conduct explicitly required by the Massachusetts Rules of Procedure.

## II.     ARGUMENT

Plaintiff's Complaint against Attorney Kennefick must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### A.  STANDARD OF REVIEW PURSUANT TO FED. R. CIV. P. 12(B)(6)

The Rule 12(b)(6) standard of review requires that the Court take plaintiffs' allegations as true and make all reasonable inferences in favor of plaintiffs. *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). However, the Court must grant a motion to dismiss for failure to state a claim where the factual allegations are insufficient to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A plaintiff must set forth the grounds for his entitlement to relief with "more than labels and conclusions, and a formulaic recitation of the elements."  *Id.* at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  Where a complaint pleads a count that is not a recognized cause of action, the count fails to state a claim and must be dismissed. *See e.g., Heinrich ex rel. Heinrich v. Sweet*, 49 F. Supp. 2d 27, 43 (D. Mass. 1999) (dismissing claim for civil liability for crimes against humanity). Likewise, if a count is based on allegations of conduct that is immunized from civil liability, it fails to state a claim on which relief can be granted and must be dismissed. *See e.g., Int'l Floor Crafts, Inc. v. Adams*, 477 F. Supp. 2d 336 (D. Mass. 2007) (dismissing count of tortious interference dismissed on basis of litigation privilege for failure to state a claim).

### B.  THE ROOKER-FELDMAN DOCTRINE REQUIRES DISMISSAL

The underlying motion to dismiss filed by Attorney Kennefick on behalf of his client, Chief Frederickson, in the Barnstable District Court Action was granted on October 18, 2019.  The Plaintiff now argues that the dismissal resulted from Attorney Kennefick's intentionally improper

1481808v.2

service of the motion.  Plaintiff's argument must be directed to the Barnstable District Court. The Rooker-Feldman doctrine mandates that federal courts lack jurisdiction over cases brought by parties who have lost in state court who complain of an injury caused by the state court judgment. *Klimowicz v. Deutsche Bank Nat'l Trust Co.*, 907 F.3d 61, 64-65 (1st Cir. 2018) (*citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-93 (2005)); *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 47,50 (1st Cir. 2019).  Specifically, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments [that were] rendered before the district court proceedings commenced and invit[e] district court review and rejection of those judgments." *Id.*  Under the Rooker-Feldman Doctrine "lower federal courts do not have jurisdiction over appeals from state court decisions, even if those decisions involve questions arising out of the United States Constitution." *See S. Boston Allied War Veterans Council v. Zobel,* 830 F. Supp. 643, 648 (D. Mass. 1993); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).  The doctrine applies regardless of whether the claims are presented as an appeal or as a new action. *See Zobel*, 830 F. Supp. At 648 (holding that "even when… plaintiff brings its case as a new § 1983 claim to challenge an action taken by the state court, the district court is without jurisdiction if the federal claim is 'inextricably intertwined' with the state court's decision."). Of note, the doctrine seeks to prevent litigants, disappointed with decisions rendered in state court, to "seek a happier result in a federal forum." *See Id.*

Here, Plaintiff's claims against Attorney Kennefick (and Chief Frederickson) stem from Plaintiff's disagreement with the Court's dismissal of his Petition to review the suspension of his firearm license which he alleges resulted from Attorney Kennefick's intentional efforts to prevent him from appearing at the hearing.  To contest the Barnstable District Court's decision on the grounds stated in the Complaint or on any other grounds, Plaintiff must do so in state court.  Given

that Plaintiff is precluded from seeking review of the state court decision in this Court, Plaintiff's Complaint against Attorney Kennefick must be dismissed.

### C. **ATTORNEY KENNEFICK OWED NO DUTY OF CARE TO PLAINTIFF WHERE NO ATTORNEY-CLIENT RELATIONSHIP EXISTED**

There can be no dispute that Attorney Kennefick did not owe a duty to Plaintiff, an adverse party to Attorney Kennefick's client. *One Nat'l Bank v. Antonellis*, 80 F.3d 606, 609 (1st Cir. 1996); *Lamare v. Basbanes*, 418 Mass. 274, 276 (1994). In the absence of any duty to Plaintiff, the Complaint against Attorney Kennefick must be dismissed for failure to state a claim.

A duty exists where there is an attorney-client relationship. *DeVaux v. Am. Home Assur. Co.*, 387 Mass. 814, 817 (1983). An attorney may only owe a duty to a non-client "who the attorney knows will rely on the services rendered," such duty will only arise "if the attorney reasonably should have foreseen reliance" on the part of the non-client. *DaRoza v. Arter*, 416 Mass. 377, 382 (1993). Moreover, it is well established that even in those circumstances, the Courts of this Commonwealth will not impose conflicting duties on attorneys. *See Spinner v. Nutt*, 417 Mass. 549, 552 (1994); *see also Logotheti v. Gordon*, 414 Mass. 308, 312 (1993) (holding that the court would not impose conflicting duties on attorneys); *Lamare v. Basbanes*, 418 Mass. 274 (1994) (no duty owed to a non-client if such duty potentially conflicts with the duty owed a client).

Thus, although an attorney may in very limited circumstances owe a duty to a non-client, the Court will not impose such a duty towards non-clients "if such an independent duty would potentially conflict with the duty the attorney owes to his or her client." *Lamare*, 418 Mass. at 276; *see also Page v. Frazier*, 388 Mass. 55, 63-64 (1983). It is not whether there is an actual conflict that prevents the imposition of a duty on the defendant, but the potential for conflict. *Spinner*, 417 Mass. at 554; *Lamare*, 418 Mass. at 276 (stating that to "impose a duty of care where there is the potential for conflicting interests would be inconsistent with S.J.C. Rule 3:07, Canon

5

4, DR 4-101, as appearing in 382 Mass. 778 (1981)").  For this reason, "[i]t is well-established that *attorneys owe no duty to their client's adversary*."  *Lamare*, 418 Mass. at 276 (emphasis added) (*citing Page v. Frazier*, 388 Mass. 55, 63 (1983)).  "Within the adversary system, 'there is no room for existence of a duty running to the adversary.'"  *Id.* (citations omitted); *see also Beecy v. Pucciarelli*, 387 Mass. 589, 597 (1982).  "[C]ourts have reasoned that creating a duty in favor of an adversary of the attorney's client would create an unacceptable conflict of interest which would seriously hamper an attorney's effectiveness as counsel for his client."  *Beecy*, 387 Mass. at 597 (citations and quotations omitted).  Moreover, it would be nonsensical for a plaintiff to rely on anything opposing counsel said or did not say.  *Id.* ("the nature of the adversary system precludes an adverse party from relying on his opposing party's attorney").

In the instant case, it is acknowledged that at all relevant times, Attorney Kennefick represented Chief Frederickson and acted in his capacity as Chief Frederickson's attorney.  In fact, the only allegations against Attorney Kennefick involve the filing and service of Frederickson's motion to dismiss in the Barnstable District Court Action.  Courts are reluctant to create liability to a client's adversary, not only to avoid chilling the attorney's zealous representation of her or his client, but also because it could involve an exploration of attorney-client privileged advice and communications.  Accordingly, all Counts against Attorney Kennefick must be dismissed for failure to state a claim.  *See e.g., Lamare*, 418 Mass. at 276 ("The plaintiff Lamare admits that she was adverse to the defendant's client.  Therefore, the defendant owed her no duty of care."); *Bratcher v. Moriarty, Donoghue & Leja, P.C.*, 54 Mass. App. Ct. 111, 115-116 (2002) (complaint by co-administratrix of estate against attorneys for the other co-administrator failed because of attorneys' lack of duty to plaintiff).

## D. <u>PLAINTIFF'S CLAIMS AGAINST ATTORNEY KENNEFICK ARE BARRED BY THE ABSOLUTE LITIGATION PRIVILEGE</u>

Plaintiff's claims against Attorney Kennefick also must be dismissed because the conduct complained of occurred in connection with a judicial proceeding, and Attorney Kennefick's conduct in representing another party (and not Plaintiff) is protected by the litigation privilege. The litigation privilege bars all actions arising out of the "conduct of the parties and/or witnesses in connection with a judicial proceeding." *Robert L. Sullivan, D.D.S., P.C. v. Birmingham*, 11 Mass. App. Ct. 359, 367-69 (1981); *see also Frazier v. Bailey,* 957 F.2d 920, 932 (1st Cir. 1992) (holding that claims for negligence, defamation, infliction of emotional distress, and violation of Massachusetts Civil Rights Act based on communications preliminary to litigation and during litigation were entitled to absolute immunity from civil liability). An attorney's conduct and statements in litigation are also absolutely privileged, and insulated from civil liability. *See Doe v. Nutter, McClennen & Fish*, 41 Mass. App. Ct. 137, 141 (1996). "An attorney's statements are privileged 'where such statements are made by an attorney engaged in his function as an attorney whether in the institution or conduct of litigation or in conferences and other communications preliminary to litigation." *Sriberg v. Raymond*, 370 Mass. 105, 109 (1976). The privilege "is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients." *Bartle v. Berry*, 80 Mass. App. Ct. 372, 378 (2011) (citations omitted). It is essential that attorneys be able to act on behalf of their clients in litigation, and here Attorney Kennefick was acting on behalf of the Yarmouth Chief of Police and not the Plaintiff.

In the Complaint, Plaintiff Solomon, a non-client, seeks to hold Attorney Kennefick liable for the allegedly improper service of a motion to dismiss with respect to Attorney Kennefick's representation of the Yarmouth Chief of Police, Frank Frederickson. The Complaint clearly indicates on its face, that such conduct occurred during the course of the Barnstable District Court Action, and is thus protected by the litigation privilege. Attorney Kennefick's drafting and service

of a motion to dismiss on behalf of Chief Frederickson, clearly constitute decisions made in the course of the judicial proceeding relating to his representation of Chief Frederickson. The Complaint is unambiguous on this issue, and does not assert other allegations of alleged misconduct outside the scope of the judicial proceeding. *See Meltzer v. Grant*, 193 F. Supp. 2d 373, 381 (D. Mass. 2002) ("in ruling on a motion to dismiss on the basis that challenged conduct was privileged, the motion must be based on a contention the complaint 'on its face' supports the application of the privilege"), *quoting Kipp v. Kueker*, 7 Mass. App. Ct. 206, 210 (1979).

The litigation privilege is broad, and even encompasses statements made by a party before litigation commences, provided that legal action was contemplated when the statement was made. *Giuffrida v. High Country Investor, Inc.*, 73 Mass. App. Ct. 225, 242 (2008). Here, the analysis is more straightforward, given that the sole basis for liability alleged by the Plaintiff arises out of "the conduct of the parties and/or witnesses in connection with a judicial proceeding." *See Birmingham*, 11 Mass. App. Ct. at 367-69. Pursuant to these well-established legal principles, it is appropriate to dismiss Plaintiff's claims against Attorney Kennefick at the initial Rule 12 motion stage. *See Meltzer*, 193 F. Supp. 2d at 381 ("[A] motion to dismiss on the grounds that the acts complained of were privileged will only succeed when the entitlement to the privilege is demonstrated by the complaint itself, taking all allegations of the complaint as true and drawing all reasonable inferences in favor of the plaintiff[]."). The litigation privilege is an absolute privilege and is a defense properly raised by a Rule 12(b)(6) motion. *See, e.g., Int'l Floor Crafts, Inc. v. Adams*, 477 F.Supp.2d 336, 339 (D. Mass. 2007); *Loomis v. Tulip, Inc.*, 9 F.Supp.2d 22, 26 (D. Mass. 1998). Drawing all inferences in favor of Plaintiff, there is no question that the conduct targeted in the Complaint occurred during, and in furtherance of Attorney Kennefick's representation of Chief Frederickson in the Barnstable District Court Action, and is thus absolutely

8

privileged.  *See Nutter*, 41 Mass. App. Ct. at 140 ("[T]he absolute privilege protects the maker

from any civil liability based thereon."), citing *Correllas v. Viveiros*, 410 Mass. 314, 324 (1991).

E. **ATTORNEY KENNEFICK'S ALLEGED CONDUCT WAS IN COMPLIANCE WITH THE MASSACHUSETTS RULES OF PROCEDURE AND IS THEREFORE NOT ACTIONABLE**

Even if the arguments above were not available to Attorney Kennefick, the Plaintiff's

Complaint against him should be dismissed for failure to state a claim where the only allegedly

wrongful conduct asserted by Plaintiff was specifically authorized by the Massachusetts Rules of

Civil Procedure.  Accepting Plaintiff's allegations as true, Attorney Kennefick filed a motion to

dismiss Plaintiff's Petition in the Barnstable District Court Action, "noticing a hearing date of

October 18, 2019, misleading the Court by alleging that the 90-day period to Petition for Review

had expired, . . . [and] intentionally did not serve the Plaintiff electronically but only by U.S. Postal

Mail, knowing the Plaintiff would not receive notice of the October 18 hearing until at least

October 20, 2019."  Complaint at ¶¶ 81-82.  The Plaintiff did not appear at the hearing and the

Barnstable District Court granted the motion to dismiss by default.  Complaint at ¶¶ 83, 176.

Mass. R. Civ. P. 5 provides that "every written motion other than one which may be heard

ex parte, and every written notice . . .  shall be served upon each of the parties . . . by delivering a

copy to him or by mailing it to him at his last known address or, if no address is known, by leaving

it with the clerk of the court. . . . Service by mail is complete upon mailing."  Attorney Kennefick's

service of the motion to dismiss by mail complied with the rule and Plaintiff does not assert that

he was served at an incorrect address.  Attorney Kennefick's service of the motion to dismiss was

complete upon mailing it on October 10, 2019.  *See* motion to dismiss attached to Plaintiff's

Complaint.  Attorney Kennefick requested that the hearing be set for October 18, 2019 pursuant

to Joint Standing Order 1-04 which directs the moving party to schedule a hearing date on the

court's usual civil motion hearing day.  Joint Standing Order 1-04 incorporates Mass. R. Civ. P. 6

which dictates that a notice of hearing shall be served not later than 7 days before the time specified for a hearing.  While Attorney Kennefick denies the allegations of misleading the Court and denies knowing the Plaintiff would not receive notice of the October 18 hearing, such allegations are immaterial and could not have been the cause of any alleged damage to the Plaintiff where Attorney Kennefick complied with the rules in serving the motion to dismiss by mail, and Plaintiff's Petition was dismissed by default.

### III.    CONCLUSION

WHEREFORE, Defendant Michael Kennefick respectfully requests that this Motion to Dismiss be granted and that the Plaintiff's Complaint against Attorney Kennefick be dismissed with prejudice.

Respectfully submitted,

Defendant, Michael Kennefick

By his attorneys,

*/s/William T. Bogaert*
William T. Bogaert, BBO # 546321
William.Bogaert@wilsonelser.com
Marissa Tripolsky, BBO # 691533
Marissa.Tripolsky@wilsonelser.com
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110-3112
Dated: March 4, 2021                    617-422-5300

10

## <u>CERTIFICATE OF SERVICE</u>

I, William T. Bogaert hereby certify that the foregoing document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by first class mail, postage prepaid, on March 4, 2021.

*/s/ William T. Bogaert* _____
William T. Bogaert

11

1481808v.2