UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS SOLOMON, | ) |
|     Plaintiff, | ) ) ) |
|         v. | ) 1:20-cv-11894-JDL ) |
| FRANK FREDRICKSON, et al., | ) ) |
|     Defendants. | ) |

## ORDER ON MOTIONS TO DISMISS

Plaintiff Dennis Solomon, who is proceeding pro se, filed a wide-ranging Complaint against forty named Defendants in October 2020 (ECF No. 1). Three of those Defendants—Frank Fredrickson[1] and Philip Magnuson (the "Police Defendants"), and Attorney Michael Kennefick (collectively with the Police Defendants, the "Moving Defendants")—have filed motions to dismiss Solomon's claims against them, which arise from their roles in the suspension of Solomon's Massachusetts firearms license (ECF Nos. 16, 27). For the following reasons, I grant both motions.[2]

## I. BACKGROUND

The following facts are derived from Solomon's Complaint, as well as state judicial records that the Police Defendants have submitted in support of their motion to dismiss. *See Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993).

---

[1] Fredrickson's filings spell his surname as "Frederickson." In this Order, I use the name listed in the docket.

[2] This case was assigned to the undersigned judge by an order of Chief United States Circuit Judge Jeffrey R. Howard, dated October 28, 2020 (ECF No. 5).

On April 19, 2019, Solomon sent an email to the Dean of Loyola Law School, in which Solomon alluded to a wide-ranging international conspiracy and purported to warn the Dean of an impending attack. Three days later, Fredrickson, who is the Chief of Police for the Town of Yarmouth, suspended Solomon's firearms license and confiscated his guns under the authority of Mass. Gen. Laws ch. 140, §§ 129D, 131 (West 2021).[3] As the basis for the suspension, Fredrickson determined that Solomon was "deemed to be an unsuitable person with regard to this License due to the [t]hreatening and irrational email sent to Loyola Law School on April 19, 2019." ECF No. 1-8; *see* Mass. Gen. Laws ch. 140, § 131(d).[4]

On July 21, 2019, Solomon filed a civil action against Fredrickson in the Barnstable District Court, seeking judicial review of the suspension under Mass. Gen. Laws ch. 140, § 131(f). On October 10, 2019, Attorney Kennefick, on Fredrickson's behalf, filed a motion to dismiss Solomon's petition as untimely, requesting a hearing date of October 18, 2019.[5] Solomon did not appear at the hearing—he now alleges that he did not receive notice of the date because the Defendants did not serve him electronically—and a judgment dismissing his petition was entered on October 18, 2019. Eleven days after the judgment was entered—and therefore too late to extend

---

[3] Section 131 has since been amended, but not in any way relevant to this case. *See generally* 2014 Mass. Legis. Serv. 284 (West).

[4] Section 131(d) provides, in relevant part: "The licensing authority may . . . suspend or revoke a [firearms] license . . . if, in a reasonable exercise of discretion, the licensing authority determines that the . . . licensee is unsuitable . . . to continue to hold a license to carry."

[5] The role that Magnuson, who was then a Yarmouth police officer, played in these events is not made clear by the Complaint. Magnuson appears to have served Solomon with the suspension notice, and later submitted an affidavit in support of Fredrickson's motion to dismiss in which Magnuson described the date of that service.

the appeal deadline, *see* Mass. R. App. P. 4(a)(2)(C); *Youghal, LLC v. Entwistle*, 141 N.E.3d 444, 447-48 (Mass. 2020)—Solomon filed a motion to set aside the dismissal in state court. The motion has not yet been acted on. Solomon did not file a notice of appeal of the judgment within the thirty-day time period under Massachusetts Rule of Appellate Procedure 4(a).

Nearly a year later, in October 2020, Solomon filed his Complaint in this Court, asserting four claims against the Moving Defendants under 42 U.S.C.A. § 1983 (West 2021) (ECF No. 1). Specifically, Solomon alleges that during the course of the administrative suspension of his firearms license and the judicial proceeding that followed, the Moving Defendants violated his constitutional rights under the First, Second,[6] and Fourth Amendments. Solomon seeks an injunction requiring the reinstatement of his firearms license and the return of his guns, as well as money damages.

The Police Defendants and Attorney Kennefick have separately moved to dismiss Solomon's claims against them under Federal Rule of Civil Procedure 12(b)(1).

## II.  LEGAL STANDARD

To survive a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff "must make clear the grounds on which the court may exercise jurisdiction." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007).

---

[6] To be precise, the factual allegations underlying Solomon's Second Amendment claim refer solely to Fredrickson (the other claims explicitly include Kennefick and Magnuson). However, Solomon's Complaint also states that "each and every Defendant [in] this litigation aided and abetted [the Second Amendment] Count," ECF No. 1 ¶ 191, and I therefore construe his Complaint to assert a Second Amendment claim against Kennefick and Magnuson as well.

If the plaintiff "fails to demonstrate a basis for jurisdiction," the motion to dismiss for lack of subject-matter jurisdiction must be granted. *Id.* Where, as here, a motion to dismiss under Rule 12(b)(1) is based solely on the complaint, courts accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017). In other words, "[t]he pleading standard for satisfying the factual predicates for proving jurisdiction is the same as applies under Rule 12(b)(6)." *Id.* (quoting *Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 327 (1st Cir. 2016)). Self-represented plaintiffs are not exempt from this framework, but the court must construe their complaints "liberally" and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.  DISCUSSION

The Moving Defendants have raised several jurisdictional arguments, including the argument that the *Rooker-Feldman* doctrine bars Solomon's claims against them. The *Rooker-Feldman* doctrine "divest[s] lower federal courts of jurisdiction to hear . . . 'cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments.'" *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64-65 (1st Cir. 2018) (alterations omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "*Rooker-Feldman* squarely applies when a plaintiff insists that [a federal court] must review and reject a final state court judgment," even when

4

the plaintiff has not "actually argued the merits of [his] claim[] in state court." *Davison v. Gov. of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006). In other words, "a plaintiff cannot escape the *Rooker-Feldman* bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in the state courts." *Klimowicz*, 907 F.3d at 66. "Instead, the critical [point] is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Id.*

Solomon's § 1983 claims against the Moving Defendants result in a straightforward application of *Rooker-Feldman*. The state court proceedings ended in 2019, long before Solomon commenced this action,[7] and Solomon's claims invite this Court to "review and reject" the final state court judgment approving the suspension of his license. *Davison*, 471 F.3d at 223. There is no practical difference between the issues that Solomon raises here and those that he could have raised in the state court proceeding or on appeal: He could have challenged the basis for the suspension (his Petition and Free Exercise claims), the means by which the Defendants investigated that basis (his Fourth Amendment claim), and the constitutionality of the Massachusetts firearms license revocation scheme (his Second

---

[7] "[A] state court judgment is sufficiently final for operation of the *Rooker-Feldman* doctrine[] when 'the state proceedings have ended.'" *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005) (alteration omitted) (quoting *Exxon Mobil*, 544 U.S. at 291). A state proceeding has "ended," for *Rooker-Feldman* purposes, "when the highest state court in which review is available has affirmed the judgment below." *Id.* As Solomon agrees, that is the case here. Although he has filed a motion in the state court to set aside the dismissal, he did so too late to extend the appeal deadline, *see Youghal*, 141 N.E.3d at 448, and the time for him to appeal has long since passed. The state court judgment is therefore final for *Rooker-Feldman* purposes.

Amendment claim).[8] A judgment in favor of Solomon in this Court would necessarily imply that the state court wrongly decided those issues. Indeed, not only could Solomon have raised those *issues* in state court, he could have also brought the very same § 1983 *claims* he brings here in that proceeding. *See Giragosian v. Ryan*, 547 F.3d 59, 64-65 (1st Cir. 2008). Additionally, although Solomon briefly purports to challenge the Massachusetts law's constitutionality generally, his Complaint is framed entirely in personal terms, and his solitary facial allegation plainly represents "an attempt to carve a general constitutional challenge out of his federal lawsuit in order to escape the jurisdictional bar of *Rooker-Feldman*." *Wilson*, 264 F.3d at 126.

Solomon makes several contentions as to why *Rooker-Feldman* should not apply: (1) the state court never addressed the constitutional issues on which his current § 1983 claims are based; (2) somewhat relatedly, the default judgment against Solomon was not on the merits; and (3) the judicial review procedure under section 131(f) does not provide due process. None of these arguments are meritorious, as I will explain.

First, the application of *Rooker-Feldman* "does not depend on what issues were actually litigated in the state court"; rather, "it is enough that granting [the federal plaintiff] the [relief] he seeks would effectively overturn the state court's decision." *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 33 (1st Cir. 2004); *see also Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) ("*Rooker-Feldman* applies

---

[8] In addition to injunctive and declaratory relief, Solomon seeks money damages. However, because this Court "could not give the plaintiff the relief [he] seeks," including damages, "without in effect reviewing and reversing the [state] court," the inclusion of this request does not change the *Rooker-Feldman* analysis. *Ellison v. Brock*, 122 F. App'x 519, 520 (1st Cir. 2004) (per curiam) (alterations omitted) (quoting *Newman v. Indiana*, 129 F.3d 937, 942 (7th Cir. 1997)); *see also Wilson v. Shumway*, 264 F.3d 120, 121, 126 (1st Cir. 2001) (affirming dismissal of damages claims under *Rooker-Feldman*).

whether or not the federal and state causes of action are technically the same."). Here, as I have explained, this Court cannot grant Solomon the relief he seeks without implicitly overruling the state court judgment.

As for Solomon's second contention, it is immaterial, for purposes of *Rooker-Feldman*, that the state proceeding ended in a default judgment. In Massachusetts, as in many other states, "an involuntary dismissal 'other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19[] operates as an adjudication upon the merits.'" *In re Sonus Networks, Inc. Shareholder Derivative Litig.*, 422 F. Supp. 2d 281, 289 (D. Mass. 2006) (quoting *Mestek, Inc. v. United Pac. Ins. Co.*, 667 N.E.2d 292, 294 (Mass. Ct. App. 1996)). Thus, for many purposes, a final default judgment is a judgment on the merits. *See* 18A Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 4442 (West, Apr. 2021 Update). For this reason, courts routinely hold that "a validly entered default judgment can bar federal jurisdiction under the *Rooker-Feldman* doctrine." *Todd v. U.S. Bank N.A.*, 685 F. App'x 103, 105 (3d Cir. 2017); *accord Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1035 (8th Cir. 1999); *Williams v. Cavalry Portfolios Servs., LLC*, No. SACV 10-00225 JVS(ANx), 2010 WL 2889656, at *3 (C.D. Cal. July 20, 2010); *Senftle v. Landau*, 390 F. Supp. 2d 463, 468 n.6 (D. Md. 2005) (collecting cases).

Finally, Solomon's third argument—that the judicial review provided under section 131(f) does not satisfy due process—is directly foreclosed by First Circuit precedent. *See Hightower v. City of Boston*, 693 F.3d 61, 87 (1st Cir. 2012) ("We reject

[the plaintiff's] claim that the [Massachusetts firearms license] revocation scheme violates procedural due process.").

In summary, the crux of the relief that Solomon seeks in this action—at least as to the Moving Defendants—is the reinstatement of his firearms license: exactly the relief that the state court denied in a final judgment on the merits. Therefore, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction over Solomon's claims against the Moving Defendants.[9]

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Police Defendants' Motion to Dismiss (ECF No. 16) and Defendant Kennefick's Motion to Dismiss (ECF No. 27) are **GRANTED**.

**SO ORDERED.**

**Dated this 18th day of May, 2021.**

                                      /s/ JON D. LEVY
                              **CHIEF U.S. DISTRICT JUDGE**

---

[9] Because I conclude that the *Rooker-Feldman* doctrine applies to Solomon's claims, I do not address the Moving Defendants' alternative preclusion and abstention arguments. Additionally, because this Court lacks jurisdiction over Solomon's claims against the Moving Defendants, I do not address their merits arguments.