UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS SOLOMON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:20-cv-11894-JDL |
| | ) |
| FRANK FREDRICKSON, et al., | ) |
| | ) |
| Defendants | ) |

## RECOMMENDED DECISION ON
## MOTIONS FOR SEPARATE AND FINAL JUDGMENT OF
## DEFENDANTS FRANK FREDRICKSON, PHILIP MAGNUSON,
## AND MICHAEL KENNEFICK

Defendants Frank Fredrickson,[1] Philip Magnuson, and Michael Kennefick (Defendants), move the Court, pursuant to Federal Rule of Civil Procedure 54(b), to enter separate and final judgment in their favor following the Court's grant of their motions to dismiss. (Order, ECF No. 33.)  I recommend the Court grant Defendants' motions. (Motions, ECF Nos. 47, 55.)

### BACKGROUND

In his complaint, Plaintiff alleges an international conspiracy involving more than thirty-five individuals and entities named as defendants. (Complaint, ECF No. 1.)  Plaintiff alleged that Defendants Fredrickson and Magnuson, Yarmouth, Massachusetts, police officers, and Defendant Kennefick, an attorney for Yarmouth, violated his First, Second

---

[1] Defendant Fredrickson's filings spell his surname as "Frederickson."  In this Order, the Court uses the name listed in the docket.

and Fourth Amendment rights in connection with an administrative suspension of his firearms license and the judicial proceeding that followed.

Defendants moved to dismiss, in part citing the *Rooker-Feldman* doctrine as a bar to Plaintiff's claims against them because the claims are essentially the same claims Plaintiff asserted in a concluded state court action. (Motion to Dismiss, ECF No. 16.)  The *Rooker-Feldman* doctrine "divest[s] lower federal courts of jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d, 61, 64-65 (1st Cir. 2018) (citation and quotation marks omitted).  In granting the motion, the Court found "no practical difference between the issues that [Plaintiff] raises here and those that he could have raised in the state court proceeding or on appeal," that "the crux of the relief that [Plaintiff] seeks in this action – at least as to [Defendants Fredrickson, Magnuson, and Kennefick] – is the reinstatement of his firearms license: exactly the relief that the state court denied in a final judgment on the merits," and that "the Rooker-Feldman doctrine deprives this Court of jurisdiction over [Plaintiff's] claims against [Defendants Fredrickson, Magnuson, and Kennefick].  (Order at 5, 8.)

### DISCUSSION

Rule 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.**  When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines

> that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  As the language of the Rule reflects, before the Court can enter final judgment as to fewer than all claims and parties, the Court must make certain express findings.  *See Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1s Cir. 1988) ("[I]f a district court wishes to enter a partial final judgment on the ground that there is no just reason for delay, it should not only make the explicit determination but should also make specific findings and set forth its reasoning.").  The Supreme Court explained:

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved.  Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." [*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427], 438 [(1956)].  It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Britton v. Maloney*, 196 F.3d 24, 27 n.2 (1st Cir. 1999) (district court should consider (1) whether the disputed ruling is final; (2) whether the disputed ruling raises legal or factual issues that overlap with any pending claims remaining in the district court; and (3) the equities and judicial efficiencies of potentially piecemeal review).

Each of the factors supports the entry of final judgment for Defendants.  First, the Court dismissed all the claims Plaintiff alleged against Defendants Fredrickson, Magnuson,

3

and Kennefick.[2]  No other claims, crossclaims, or counterclaims remain for adjudication against Defendants.

Second, given the specific relief sought against Defendants Fredrickson, Magnuson, and Kennefick (i.e., the reinstatement of his firearms license), the same issue (i.e., the applicability of the *Rooker-Feldman* doctrine based on Plaintiff's request for the reinstatement of his firearms license) is unlikely to arise in Plaintiff's claims against the remaining defendants.  Plaintiff's claims against the remaining defendants assert an international conspiracy involving national political figures, celebrities, and universities, regarding the disposition of an estate of one of Plaintiff's relatives and the SARS-CoV2 pandemic.  "Such a lack of overlap strongly supports the finding of no just reason for delay" in entering final judgment in Defendants' favor pursuant to Rule 54(b).  *Quinn v. City of Boston*, 325 F.3d 18, 27 (1st Cir. 2003).

Finally, entry of final judgment is in the interest of fairness and judicial economy.  A delay of a final judgment would prevent Defendants from finally concluding a matter they successfully ended in state court more than two years ago.

---

[2] Plaintiff opposes the motion of Defendants Fredrickson and Magnuson, in part, by requesting that his complaint be amended to add allegations that Defendants "collaborated" with other defendants, in some unstated manner, in the conspiracy Plaintiff alleges in the remaining counts of his complaint. (Opposition at 6-8, ECF No. 52.)  To the extent the Court interprets Plaintiff's response to include a motion to amend the complaint, I recommend the Court deny the motion as futile. *Boston & Me. Corp. v. Hampton*, 987 F.2d 855, 868 (1st Cir. 1993) ("if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend.")

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant the motions of Defendants Fredrickson, Magnuson, and Kennefick for final judgment and enter final judgment in their favor.[3]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of November, 2021.

---

[3] If the Court adopts the recommendation, I recommend the Court dismiss as moot Plaintiff's request for certification for interlocutory appeal. (Motion, ECF No. 48.)