UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DENNIS SOLOMON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-11894-JDL |
| | ) | |
| FRANK FREDRICKSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON
MOTION TO DISMISS OF DEFENDANT ROBERT C. LAWLESS AND
ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant Robert C. Lawless moves to dismiss Plaintiff's claims against him in this action in which Plaintiff alleges an international conspiracy involving multiple parties. (Motion, ECF No. 62). In his opposition, Plaintiff moves to amend his complaint to include additional factual allegations. (Opposition, ECF No. 69.)

I grant Plaintiff's motion to amend. In addition, following a review of the parties' submissions, I recommend the Court grant Defendant's motion to dismiss.

**PLAINTIFF'S MOTION TO AMEND**

Federal Rule of Civil Procedure 15(a) provides in relevant part that if a "pleading is one to which a responsive pleading is required" a party may amend its pleading "once as a matter of course" within 21 days after service of the responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's motion to amend is his first attempt to amend his complaint with

respect to Defendant;[1] he included the motion as part of his opposition to Defendant's motion to dismiss. (Opposition at 2-3.) Plaintiff filed his opposition 14 days after the filing of Defendant's motion. By operation of Rule 15, therefore, Plaintiff is entitled to amend his complaint. Accordingly, Plaintiff's motion to amend is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are drawn from Plaintiff's complaint, as amended, and Plaintiff's subsequent submissions. A plaintiff's factual allegations are generally deemed true when evaluating a motion to dismiss. *See McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017) (considering a motion to dismiss pursuant to Rule 12(b)(6)); *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (considering a motion to dismiss pursuant to Rule 12(b)(1)). A self-represented plaintiff's "complaint and other filings are 'liberally construed.'" *Poirier v. Mass. Dept. of Corr.*, 160 F. Supp. 3d 399, 404 (D. Mass. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[P]ro se status," however, "does not insulate a party from complying with procedural and substantive law," *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997), and all plaintiffs, including self-represented plaintiffs, are "required 'to set forth factual allegations, either direct or inferential,

---

[1] Several other defendants filed motions to dismiss. (*See* ECF Nos. 73, 74, 76.) Plaintiff also moved to amend his claims against the other defendants. (*See* ECF Nos. 79, 80.)

Plaintiff also filed a request for leave to file complaint-referenced exhibits. (ECF No. 88.) I deny the request. The exhibits are (1) Plaintiff's 2015 letter to Kamala Harris, which is already attached to the complaint (ECF No. 1-6), (2) a print-out of a website biography of cantor Pierre Pinchik, (3) the executive summary of a 2018 DARPA project proposal regarding the threat of bat-borne coronaviruses, and (4) various filings from a California probate proceeding regarding the estate of another defendant. None of the new proposed exhibits is referenced in the complaint. (*See* Complaint, ECF No. 1.) Even if the request were granted, none of the exhibits would alter the analysis of any of the motions to dismiss filed by the defendants.

respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Adams v. Stephenson*, 116 F.3d 464 (1st Cir. 1997) (unpublished table decision) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).  Moreover, "[d]espite the highly deferential reading which [courts] accord a litigant's complaint under Rule 12(b)(6), [courts] need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Correa-Martinex v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990).[2]

Plaintiff alleges an international conspiracy involving more than thirty-five individuals and entities named as defendants.[3]  (Complaint, ECF No. 1.)  Plaintiff alleges the defendants violated his constitutional rights, and asserts his claims under the Civil Rights Act, 42 U.S.C. § 1983, (Counts One through Eight),[4] and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 (Counts Eleven and Twelve).

Plaintiff asserts Defendant, an attorney in Massachusetts, committed malpractice in connection with a case filed in this Court in 1996, *Volumetric Imaging, Inc. v. Teledyne, Inc.*, Case No. 1:96-cv-10613-REK.  *See also Volumetric Imaging, Inc. v. Teledyne, Inc.*,

---

[2] Plaintiff has extensive experience as a litigant in both state and federal courts.  *See Solomon v. Khoury*, Civil Action No. 16-10176, 2017 WL 598758, at *5 n.2 (D. Mass. February 13, 2017) (collecting cases).  The "leniency afforded to a *pro se* party is diminished when he has significant experience[] litigating like" Plaintiff.  *Id.* at *5 (citing *Faust v. Cabral*, No. 12-cv-11020-DJC, 2015 WL 395185, at *3 n.4 (D. Mass. May 15, 2015)).

[3] The Court previously granted motions to dismiss three defendants, Frank Fredrickson, Philip Magnuson, and Michael Kennefick.  (ECF No. 33.)

[4] Plaintiff also asserts claims under section 1983 against Massachusetts (Count Nine) and California (Count Ten).

194 F.R.D. 373 (D. Mass 2000). (Complaint ¶ 6.) Plaintiff further alleges Defendant "accepted gratuities and other things of value" from another attorney involved in that matter and "sabotaged" the lawsuit. (Complaint ¶¶ 23, 115.) In his amended allegations, Plaintiff contends Defendant participates in a continuing conspiracy to obstruct justice and defraud Plaintiff and the United States government, and that he conspired with another defendant[5] to surveil and intimidate Plaintiff in 2019. (Opposition at 3-4.) Plaintiff also alleges Defendant hired employees of the Town of Yarmouth in 2011 to copy Plaintiff's designs and trade secrets. (*Id.*)

## DISCUSSION

Defendant contends dismissal is warranted on several grounds. A review of the parties' submissions and the record reveals that Plaintiff has not asserted an actionable claim in this court within the applicable statute of limitations.

Plaintiff's claims of alleged malpractice involve Defendant's conduct in litigation that concluded no later than 2000 and thus are barred by the applicable statute of limitations.[6] (Complaint ¶¶ 6, 23, 115.) *See Volumetric Imaging, Inc.*, 194 F.R.D. 373. Further, Plaintiff filed malpractice suits against Defendant in both federal and state courts in connection with the *Volumetric Imaging, Inc*. matter. *See Solomon v. Lawless*, 63 Mass. App. Ct. 1106, 823 N.E.2d 823 (Mass. App. Ct. 2005) (unpublished). Plaintiff's claims

---

[5] Former co-defendant Frank Fredrickson, Chief of Police for the Town of Yarmouth, Massachusetts. (Complaint ¶ 12.)

[6] The statute of limitations for legal malpractice in Massachusetts is three years. Mass. Gen. Laws ch. 260, § 4.

against Defendant for legal malpractice, negligence, and civil conspiracy were ultimately dismissed in state court.  *Id*. at *1-2.  The state court judgment was affirmed on appeal. *Id*. at *2.  Plaintiffs' claims, therefore, are barred by res judicata and, alternatively, under the *Rooker-Feldman* doctrine.

Res judicata precludes a party from relitigating claims and issues following a judgment in a prior lawsuit.[7]  The preclusive effect of a prior Massachusetts state court ruling "is determined by applying Massachusetts' res judicata rules."  *Gentili v. Town of Sturbridge*, Civil Action No. 4:20-cv-40062-TSH, 2021 WL 3516488, at *6 (D. Mass. Aug. 10, 2021). "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action."  *O'Neill v. City Manager of Cambridge*, 428 Mass. 257, 259, 700 N.E.2d 530 (1998).  Three elements are required to establish claim preclusion:  "(1) the identity or privity of the parties to the present and prior actions, (2) identify of the cause of action, and (3) prior final judgment on the merits*." Da Luz v. Dep't of Corr*., 434 Mass. 40, 45, 746 N.E.2d 501 (2001).  All three elements are present here.  The identities of the parties (Plaintiff and Defendant) are the same, the claims for malpractice and civil conspiracy are identical, and the state court's judgment was affirmed by the Massachusetts court of appeal in 2005.

---

[7] "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ*., 465 U.S. 75, 81 (1984).

The *Rooker-Feldman* doctrine "divest[s] lower federal courts of jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d, 61, 64-65 (1st Cir. 2018) (citation and quotation marks omitted).  Application of the *Rooker-Feldman* doctrine is "not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit," but rather turns on "whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Id.* at 66.  As noted above, there is identity between the issues here and the issues litigated in the prior state court matter.  Plaintiff in essence seeks to challenge the state court dismissal of his malpractice and conspiracy claims.  The claims are barred by the *Rooker-Feldman* doctrine.

Plaintiff asserts new factual allegations against Defendant in his opposition to the motion to dismiss.  Plaintiff's original and amended allegations are largely conclusory and fail to describe Defendant's malpractice, intimidation, or conspiratorial conduct with any specificity.  A complaint, including a complaint drafted by a pro se plaintiff, "must provide adequate notice to defendants of the underlying facts and claims." *Ledoux v. Whitepages, Inc.*, Civil Action No. 17-30124-MGM, 2018 WL 10323624, at *3 (D. Mass. Sept. 28, 2018).  Plaintiff has failed to provide Defendant with sufficient notice of Defendant's alleged wrongdoing.[8]

---

[8] Plaintiff's claim that Defendant misappropriated his trade secrets and incorporated them into a 2014 patent application is also time-barred.  *See* Mass. Gen. Laws ch. 93, § 42A.

## CONCLUSION

Based on the foregoing analysis, I grant Plaintiff's Motion to Amend (ECF No. 69), deny Plaintiff's request for leave to file complaint-referenced exhibits (ECF No. 88), and recommend the Court grant Defendant's motion to dismiss Plaintiff's claims against Defendant Lawless. (ECF No. 62.)[9]

## **NOTICE**

Any objections to the order on the motion to amend shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of January, 2022.

---

[9] Because I have recommended dismissal of Plaintiff's claims against Defendant on other grounds, I did not address Defendant's other arguments.