UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS SOLOMON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:20-cv-11894-JDL |
| | ) |
| FRANK FREDRICKSON, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON
MOTION TO DISMISS OF DEFENDANT MICHAEL MOORE AND
ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant Michael Moore[1] moves to dismiss Plaintiff's claims against him in this action in which Plaintiff alleges an international conspiracy involving multiple parties. (Motion, ECF No. 73). In his opposition, Plaintiff moves to amend his complaint to include additional factual allegations. (Opposition, ECF No. 79.)

I grant Plaintiff's motion to amend. In addition, following a review of the parties' submissions, I recommend the Court grant Defendant's motion to dismiss.

**PLAINTIFF'S MOTION TO AMEND**

Federal Rule of Civil Procedure 15(a) provides in relevant part that if a "pleading is one to which a responsive pleading is required" a party may amend its pleading "once as a matter of course" within 21 days after service of the responsive pleading. Fed. R. Civ. P.

---

[1] Defendant spells his first name as "Michel" in his filings. In this order and recommended decision, I use the name listed in the docket.

15(a)(1)(B). Plaintiff's motion to amend is his first attempt to amend his complaint with respect to Defendant;[2] he included the motion as part of his opposition to Defendant's motion to dismiss. (Opposition at 2-3.) Plaintiff filed his opposition 14 days after the filing of Defendant's motion. By operation of Rule 15, therefore, Plaintiff is entitled to amend his complaint. Accordingly, Plaintiff's motion to amend is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from Plaintiff's complaint, as amended, and Plaintiff's subsequent submissions.

Plaintiff alleges an international conspiracy involving more than thirty-five individuals and entities named as defendants.[3] (Complaint, ECF No. 1.) Plaintiff alleges the defendants violated his constitutional rights, and asserts his claims under the Civil Rights Act, 42 U.S.C. § 1983, (Counts One through Eight),[4] and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 (Counts Eleven and Twelve).

---

[2] Several other defendants filed motions to dismiss. (*See* ECF Nos. 62, 74, 76.) Plaintiff also moved to amend his claims against the other defendants. (*See* ECF Nos. 69, 80.)

Plaintiff also filed a request for leave to file complaint-referenced exhibits. (Motion, ECF No. 88.) I denied the request for the reasons set forth in the recommended decision on the motion to dismiss filed by Defendant Lawless.

[3] The Court previously granted motions to dismiss three defendants, Frank Fredrickson, Philip Magnuson, and Michael Kennefick. (ECF No. 33.)

[4] Plaintiff also asserts claims under section 1983 against Massachusetts (Count Nine) and California (Count Ten).

Defendant is the Chief of Police for the City of Los Angeles and is a resident of California. (Complaint ¶ 28.) Plaintiff asserts that "[f]rom at least 2015," he advised Defendant and various other defendants of the alleged forgery of an addendum to the will of Plaintiff's aunt.[5] (Complaint ¶¶ 224, 237; Exhibit 6, ECF No. 1-6.) Plaintiff also contends he informed Defendant and others that another defendant "posed a grave danger" to the United States in connection with the Covid-19 pandemic, which pandemic Defendant (along with others) allegedly aided and abetted. (Complaint ¶ 238.)

In his amended allegations, Plaintiff contends that beginning in 2014, he asked the Los Angeles Police Department (LAPD) to investigate the alleged murder of Plaintiff's aunt, the forgery of her signatures, and the subornation of perjury of the notary who notarized the signatures on the addendum to the will. (Opposition at 3, ¶¶ 2-3.) Plaintiff further asserts that Defendant, among others, received "things of value" to "quash" any such investigation. (*Id*. ¶ 3.) Plaintiff also alleges Defendant conspired with another defendant[6] in Massachusetts to intimidate Plaintiff in 2019 concerning an email Plaintiff sent to the dean of a law school in California. (*Id*. ¶¶ 4-7.)

Defendant contends the Court lacks jurisdiction over Defendant and, therefore, dismissal is warranted.

---

[5] Plaintiff filed an amended petition for an order invalidating the addendum in California state court on December 5, 2014. *See Solomon v. Louie*, No. B281416, 2019 WL 1930190, at *2 (Cal. App. May 1, 2019) (unpublished). (Complaint ¶ 237.)

[6] Former co-defendant Frank Fredrickson, Chief of Police for the Town of Yarmouth, Massachusetts. (Complaint ¶ 12.)

**DISCUSSION**

**A. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal based on a court's lack of personal jurisdiction - that is, a lack of jurisdiction over the person of the defendant. Personal jurisdiction "refers to a court's 'power to require the parties to obey its orders.'" *Costa v. FCA US LLC*, Civil Action No. 20-cv-11810-ADB, 2021 WL 2338963, at *4 (D. Mass. June 8, 2021) (quoting *Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008)). The Due Process Clause of the Fourteenth Amendment "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). A court may not assert jurisdiction over a defendant unless his "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The burden is on the plaintiff to make a "prima facie showing" that personal jurisdiction exists, based on "evidence of specific facts" that meet all of the requirements of the forum state's long-arm statute and the Due Process Clause. *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp*, 960 F.2d 1080, 1089 (1st Cir. 1992); *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992). In other words, the "plaintiff must go beyond the pleadings and make affirmative proof." *Boit*, 967 F.2d at 675 (quoting *Chlebda v. H.E. Fortna & Bro. Inc.*, 609 F.2d 1022, 1024 (1st Cir. 1979)). "To defeat the motion

for lack of personal jurisdiction, [Plaintiff] is [thus] required to 'produce evidence to support [his] jurisdictional allegation because [he has] the burden of showing that the court may exercise in personam jurisdiction'" over Defendant. *Cestari v. Viaair, LLC*, C.A. No. 15-13402-MLW, 2016 WL 4941986, at *1 (D. Mass. September 15, 2016) (quoting *Boit*, 967 F.2d at 680). When reviewing a plaintiff's prima facie showing, the court does not act as a fact finder, but instead "accepts properly supported proffers of evidence by plaintiff as true." *Id.* "Plaintiffs may not, however, establish the Court's personal jurisdiction over [Defendant] with 'unsupported allegations in their pleadings,' and are instead 'obliged to adduce evidence of specific facts.'" *Costa*, 2021 WL 2338963, at *4 (quoting *Platten v. H.G. Berm. Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)). In addition, the court may credit facts asserted by the defendant that are not contradicted by the plaintiff's showing. *Cossaboon v. Maine Med. Ctr.*, 600 F.3d 25, 31 (1st Cir. 2010).

## B. Jurisdictional Evidence

In the context of a federal claim, a federal district court's power to exercise jurisdiction over the person of a defendant is limited by the Due Process Clause of the Fifth Amendment. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). "The exercise of personal jurisdiction may, consistent with due process, be either 'specific or case-linked' or 'general or all-purpose.'" *Cossart v. United Excel Corp.*, 804 F.3d 13, 20 (1st Cir. 2015) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

General jurisdiction "requires affiliations 'so continuous and systematic as to render [a person] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571

U.S. 117, 133 n.11 (2014) (quoting *Goodyear*, 564 U.S. at 919 (quotation marks omitted). The pleadings establish that Defendant is a resident of California and works in Los Angeles as the Chief of the LAPD.  Plaintiff's factual allegations do not support a finding that the Court can exercise general personal jurisdiction.

Specific jurisdiction "exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities."  *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001) (citation omitted).  To establish specific personal jurisdiction, Plaintiff must show (1) his claims against Defendant "directly arise out of, or relate to," Defendant's Massachusetts activities; (2) Defendant's "in-state contacts … represent a purposeful availment of the privilege of conducting activities in" Massachusetts, "thereby invoking the benefits and protections of" Massachusetts's laws and making Defendant's "involuntary presence before" courts in the state foreseeable; and (3) the exercise of jurisdiction is "reasonable."  *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 60 (1st Cir. 2002) (citation omitted).

To meet his prima facie burden on personal jurisdiction, Plaintiff "must verify the facts alleged through materials of evidentiary quality." *Id*.  In his opposition to Defendant's motion,[7] Plaintiff reasserts his claims against Defendant and amends his complaint to add further allegations regarding Defendant's purported activities directed toward Massachusetts.  Plaintiff presents no evidence to satisfy a finding of specific jurisdiction as to Defendant.  None of the exhibits to the complaint references Defendant or provides

---

[7]Allegations in a "brief or legal memorandum are insufficient … to establish jurisdictional facts." *Barrett v. Lombardi*, 239 F.3d 23, 27 (1st Cir. 2001).

support for Plaintiff's claim that the Court has personal jurisdiction over Defendant. Instead, Plaintiff relies on unsupported and conclusory allegations, which cannot and do not demonstrate that Plaintiff's claims are related to any conduct of Defendant in Massachusetts, or that Defendant's purported contacts with Massachusetts represent a purposeful availment of the privilege of conducting activities within the state.[8]

In short, the Court does not have personal jurisdiction over Defendant. Accordingly, dismissal of Plaintiff's claims against Defendant is warranted.[9]

## CONCLUSION

Based on the foregoing analysis, I grant Plaintiff's Motion to Amend. (ECF No. 79.) In addition, I recommend the Court grant Defendant's motion to dismiss Plaintiff's claims against Defendant Moore. (ECF No. 73.)

## **NOTICE**

Any objections to the order on the motion to amend shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[8] Because Plaintiff failed to satisfy either the relatedness prong or the purposeful availment prong of the test for specific jurisdiction, the Court need not consider whether the Court's exercise of personal jurisdiction over Defendant would be reasonable. *See, e.g., Cestari*, 2016 WL 4941986, at *11.

[9] Because I have recommended dismissal of Plaintiff's claims against Defendant on other grounds, I did not address Defendant's contention that Plaintiff failed to assert an actionable claim.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of January, 2022.