UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS SOLOMON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:20-cv-11894-JDL |
| | ) |
| FRANK FREDRICKSON, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS OF DEFENDANTS CANTIL-SAKAUYE, EGERTON, LAVIN, STRATTON, WILEY, JR., and DHANIDINA; ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants Cantil-Sakauye, Egerton, Lavin, Stratton, Wiley, Jr., and Dhanidina (Defendants) move to dismiss Plaintiff's claims against them in this action in which Plaintiff alleges an international conspiracy involving multiple parties. (Motion, ECF No. 74). Defendants are current or retired members of the California state judiciary.[1] In his opposition, Plaintiff moves to amend his complaint to include additional factual allegations. (Opposition, ECF No. 80.)

I grant Plaintiff's motion to amend. In addition, following a review of the parties' submissions, I recommend the Court grant Defendants' motion to dismiss.

---

[1] Tani G. Cantil-Sakauye is the Chief Justice of the California Supreme Court. (Complaint ¶ 47, ECF No. 1.) Anne Harwood Egerton, Luis A. Lavin, Maria E. Stratton, and John Shepard Wiley, Jr. are Associate Justices of the California Court of Appeal, Second Appellate District. Halim Dhanidina is a retired Associate Justice of the California Court of Appeal, Second Appellate District.

## PLAINTIFF'S MOTION TO AMEND

Federal Rule of Civil Procedure 15(a) provides in relevant part that if a "pleading is one to which a responsive pleading is required" a party may amend its pleading "once as a matter of course" within 21 days after service of the responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's motion to amend is his first attempt to amend his complaint with respect to Defendants;[2] he included the motion as part of his opposition to Defendants' motion to dismiss. Plaintiff filed his opposition 13 days after the filing of Defendants' motion. By operation of Rule 15, therefore, Plaintiff is entitled to amend his complaint. Accordingly, Plaintiff's motion to amend is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from Plaintiff's complaint, as amended, and Plaintiff's subsequent submissions. A plaintiff's factual allegations are generally deemed true when evaluating a motion to dismiss. *See McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017) (considering a motion to dismiss pursuant to Rule 12(b)(6)); *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (considering a motion to dismiss pursuant to Rule 12(b)(1)). A self-represented plaintiff's "complaint and other filings are 'liberally construed.'" *Poirier v. Mass. Dept. of Corr.*, 160 F. Supp. 3d 399, 404 (D. Mass. 2016)

---

[2] Several other defendants filed motions to dismiss. (*See* ECF Nos. 62, 73, 76.) Plaintiff also moved to amend his claims against the other defendants. (*See* ECF Nos. 69, 79.)

Plaintiff also filed a request for leave to file complaint-referenced exhibits. (Motion, ECF No. 88.) I deny the request. I denied the request for the reasons set forth in the recommended decision on the motion to dismiss filed by Defendant Lawless.

(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[P]ro se status," however, "does not insulate a party from complying with procedural and substantive law," *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997), and all plaintiffs, including self-represented plaintiffs, are "required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Adams v. Stephenson*, 116 F.3d 464 (1st Cir. 1997) (unpublished table decision) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). Moreover, "[d]espite the highly deferential reading which [courts] accord a litigant's complaint under Rule 12(b)(6), [courts] need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Correa-Martinex v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990).[3]

Plaintiff alleges an international conspiracy involving more than thirty-five individuals and entities named as defendants.[4] (Complaint, ECF No. 1.) Plaintiff alleges the defendants violated his constitutional rights, and asserts his claims under the Civil Rights Act, 42 U.S.C. § 1983, (Counts One through Eight),[5] and the Racketeer Influenced

---

[3] Plaintiff has extensive experience as a litigant in both state and federal courts. *See Solomon v. Khoury*, Civil Action No. 16-10176, 2017 WL 598758, at *5 n.2 (D. Mass. February 13, 2017) (collecting cases). The "leniency afforded to a *pro se* party is diminished when he has significant experience[] litigating like" Plaintiff. *Id*. at *5 (citing *Faust v. Cabral*, No. 12-cv-11020-DJC, 2015 WL 395185, at *3 n.4 (D. Mass. May 15, 2015)).

[4] The Court previously granted motions to dismiss three defendants, Frank Fredrickson, Philip Magnuson, and Michael Kennefick. (ECF No. 33.)

[5] Plaintiff also asserts claims under section 1983 against Massachusetts (Count Nine) and California (Count Ten).

and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 (Counts Eleven and Twelve).

Plaintiff's claims against Defendants focus in part on Plaintiff's filing of an amended petition for an order invalidating an addendum to his aunt's will in California state court on December 5, 2014.  (Complaint ¶ 237.)  *See Solomon v. Louie*, No. B281416, 2019 WL 1930190, at *2 (Cal. App. May 1, 2019) (unpublished).  Plaintiff asserts Defendant Stratton, who as trial judge presided over the matter, acted in concert with a number of attorneys:  to suborn the perjury of a notary who notarized the addendum to the will of Plaintiff's aunt; to admit a forged document into evidence; to bar Plaintiff from certain discovery; and to investigate and subsequently reveal, ex parte, personal information regarding Plaintiff.  (Complaint ¶¶ 130, 252-55.)  Plaintiff claims Defendants Egerton, Lavin, and Dhanidina, California State Appellate Justices, were also part of the conspiracy concerning the will litigation.  (Complaint ¶¶ 251, 255.)

Plaintiff further alleges he informed, "[f]rom at least 2015," Defendants Stratton, Egerton, Lavin, and Dhanidina that his elderly aunt would not have executed the addendum to her will.  (Complaint ¶ 237.)  In addition, Plaintiff contends he informed Defendants Stratton, Egerton, Lavin, and Dhanidina, within the same time frame, that another defendant "posed a grave danger" to the United States in connection with the Covid-19 pandemic, which pandemic Defendants (along with others) allegedly aided and abetted. (Complaint ¶ 238.)  Plaintiff asserts Defendants Stratton, Egerton, and Lavin refused to recuse themselves from matters related to Plaintiff, in alleged violation of judicial canons and codes of conduct.  (Complaint ¶ 257.)  Additionally, Plaintiff contends Defendants

Stratton, Egerton, Lavin, and Dhanidina "knowingly" intended to inflict emotional harm on Plaintiff's mother by depriving her of various items from the estate of Plaintiff's aunt. (Complaint ¶ 264.) Plaintiff's amended allegations also claim Defendants did not recuse themselves, or report alleged bribery and ex parte communications, or order California state or Federal "authorities" to investigate the notary who notarized the addendum to his aunt's will, because Defendants "chose to accept … 'things of value'" instead. (Opposition at 9.)

Plaintiff sues Defendant Cantil-Sakauye in her official capacity as Chief Justice of the Supreme Court of California, "represent[ing]" the court, which Plaintiff names as a defendant. (Complaint ¶ 47.) Plaintiff asserts no other claims against Defendant Cantil-Sakauye. Defendant Wiley is listed among the other defendants (Complaint ¶ 42), but Plaintiff makes no specific allegations concerning him.[6]

## DISCUSSION

**A. Judicial Immunity**

Defendants argue they are immune from suit. "Judges have absolute immunity … because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978). The "absolute" nature of judicial immunity is reflected in the Supreme Court's explanation that judicial immunity is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). As the First Circuit has explained,

---

[6] The additional factual allegations Plaintiff asserts in his opposition do not specifically mention any of the Defendants, although one paragraph references Defendant Stratton's spouse. (Opposition at 8-9; *see* ¶ 10.)

> [t]he breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."

*Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Whether judicial immunity exists is determined by the nature of the act complained of, rather than the simple fact that the defendant is a judge. *Forrester v. White*, 484 U.S. 219, 227 (1988) (observing that "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches"). Judicial immunity thus serves "as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error," thereby "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* at 225. Where a litigant seeks to hold a judge liable based on the judge's prior rulings and determinations, judicial immunity will bar the claim.[7]

Judicial acts "are those that are 'intimately associated' with the judicial function." *Nystedt v. Nigro*, 700 F.3d 25, 31 (1st Cir. 2012) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). Judicial functions, besides adjudicating disputes, include "weighing evidence, making factual findings, reaching legal determinations, choosing sanctions, and expounding reasons for decisions." *Goldstein v. Galvin*, 719 F.3d 16, 25 (1st Cir. 2013)

---

[7] The doctrine of absolute judicial immunity protects judges from any claims for damages, *Mount v. Zobel*, 995 F.2d 1061 (1st Cir. 1993) (per curiam), or injunctive relief, *Adames v. Fagundo*, 198 F. App'x 20, 22 (1st Cir. 2006).

6

(punctuation marks and citation omitted).  Plaintiff's claims against Defendants, including the allegations made in his opposition to the motion to dismiss, concern purported acts in their judicial capacities.[8]   Plaintiff's claims against Defendants, therefore, are barred.

## B. *Rooker-Feldman* Doctrine

Defendants also contend the *Rooker-Feldman* doctrine bars Plaintiff's claims, because the claims are intertwined with the claims Plaintiff asserted in the concluded state court will litigation.  The *Rooker-Feldman* doctrine "divest[s] lower federal courts of jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d, 61, 64-65 (1st Cir. 2018) (citation and quotation marks omitted).  Application of the *Rooker-Feldman* doctrine is "not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues

---

[8] Plaintiff asserts that in the state court litigation, Defendant Stratton admitted forged evidence, conspired with attorneys in connection with admitting that evidence, held ex parte communications, barred Plaintiff from conducting certain discovery, and investigated Plaintiff and revealed, ex parte, personal information regarding Plaintiff.  Admitting evidence, ruling on discovery and communicating with parties and their attorneys in the context of a litigation are all judicial acts, subject to absolute judicial immunity.  Similarly, Plaintiff's assertions that Defendants Stratton, Egerton, Lavin, and Dhanidina deprived Plaintiff's mother of various items from his aunt's estate also arise from those Defendants' judicial acts.  Plaintiff's further allegations that Defendants improperly failed to recuse themselves, investigate Plaintiff's claims, or otherwise take judicial action in response to Plaintiff's claims are also judicial acts, to which absolute judicial immunity extends.  *See, e.g., DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 41 (W.D.N.Y. 2004) (defendant town justice entitled to absolute judicial immunity for failing to provide hearing-impaired pretrial detainee with a sign language interpreter during a hearing before the defendant). Plaintiff asserts no substantive allegations against Defendants Cantil-Sakauye and Wiley, Jr.  Dismissal of Defendants Cantil-Sakauye and Wiley, Jr. is also warranted based on Plaintiff's failure to provide them with notice of his claim against them.  *Ledoux v. Whitepages, Inc.*, Civil Action No. 17-30124-MGM, 2018 WL 10323624, at *3 (D. Mass. Sept. 28, 2018) (a plaintiff "must provide adequate notice to defendants of the underlying facts and claims.").

proffered in the subsequent federal suit," but rather turns on "whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Id*. at 66.

Plaintiff's allegations against Defendants arise from Defendants' purported actions taken, and failed to be taken, at the trial court and appellate levels in Plaintiff's state court civil action concerning his aunt's will. Plaintiff asks the Court to order an investigation into the circumstances surrounding the execution of that will, to declare the addendum to the will null and void, and for an accounting of the assets of the estate. (Complaint ¶¶ 319-20; Payer for Relief ¶¶ 14-15.) Because Plaintiff's "federal claim[s] succeed[] only to the extent that the state court wrongly decided the issues before" them, Plaintiff's federal claims against Defendants are "'inextricably intertwined'" with Plaintiff's prior state court claims. *In re Schwartz*, 409 B.R. 240, 247 (B.A.P. 1s Cir. 2008). The *Rooker-Feldman* doctrine therefore precludes Plaintiff's claims against Defendants to the extent the relief Plaintiff requests "would effectively reverse the state court decision or void its holding." *In re Schwartz*, 409 B.R. at 247 (quoting *Halvorsen v. Mendez*, 246 B.R. 141, 146 (Bankr. D.P. 2000)).

## Conclusion

Based on the foregoing analysis, I grant Plaintiff's Motion to Amend (ECF No. 80) and grant Defendants' request to strike paragraph 256 from the complaint.[9] (Memorandum of Law at 4 & n.5, ECF No. 75.)

---

[9] Defendants ask the Court to strike that allegations in paragraph 256 of the complaint. (Memorandum of Law at 4.) A court may strike an "immaterial, impertinent, or scandalous matter" from a complaint. Fed. R. Civ. P. 12 (f). Courts have considerable discretion to strike scandalous matter from a complaint "which impugn[s] the character of defendants." *Alvadrado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 617-18

In addition, I recommend the Court grant Defendants' motion to dismiss Plaintiff's claims against Defendants Cantil-Sakauye, Egerton, Lavin, Stratton, Wiley, Jr., and Dhanidina. (ECF No. 74.) [10]

## **NOTICE**

Any objections to the order on the motion to amend and the request to strike shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of January, 2022.

---

(1st Cir. 1988).  Defendants have persuasively argued that paragraph 256 of the complaint should be stricken.

[10] Because I have recommended dismissal of Plaintiff's claims against Defendants on other grounds, I did not address Defendants' arguments that Plaintiff's suit is barred by the Eleventh Amendment and the statute of limitations.