UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DENNIS SOLOMON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-11894-JDL |
| | ) | |
| FRANK FREDRICKSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS OF DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA**

Defendant University of California moves to dismiss Plaintiff's claims against it in this action in which Plaintiff alleges an international conspiracy involving multiple parties. (Motion, ECF No. 76). After consideration of the parties' submissions, I recommend the Court grant Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are drawn from Plaintiff's complaint and submissions.[1] A plaintiff's factual allegations are generally deemed true when evaluating a motion to dismiss. *See McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017) (considering a motion to dismiss pursuant to Rule 12(b)(6)); *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (considering a motion to dismiss pursuant to Rule 12(b)(1)). A self-represented

---

[1] Plaintiff also filed a request for leave to file complaint-referenced exhibits. (Motion, ECF No. 88.) I denied the request for the reasons set forth in the recommended decision on the motion to dismiss filed by Defendant Lawless.

plaintiff's "complaint and other filings are 'liberally construed.'" *Poirier v. Mass. Dept. of Corr.*, 160 F. Supp. 3d 399, 404 (D. Mass. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[P]ro se status," however, "does not insulate a party from complying with procedural and substantive law," *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997), and all plaintiffs, including self-represented plaintiffs, are "required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Adams v. Stephenson*, 116 F.3d 464 (1st Cir. 1997) (unpublished table decision) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). Moreover, "[d]espite the highly deferential reading which [courts] accord a litigant's complaint under Rule 12(b)(6), [courts] need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Correa-Martinex v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990).[2]

In his complaint, Plaintiff alleges an international conspiracy involving more than thirty-five individuals and entities named as defendants.[3] (Complaint, ECF No. 1.) The claims that appear to involve Defendant are based on (1) the alleged exploitation of Defendant by its attorney in a proceeding before the United States Patent and Trademark Office (USPTO) regarding Plaintiff's trademark application for the trademark "Holodeck"

---

[2] Plaintiff has extensive experience as a litigant in both state and federal courts. *See Solomon v. Khoury*, Civil Action No. 16-10176, 2017 WL 598758, at *5 n.2 (D. Mass. February 13, 2017) (collecting cases). The "leniency afforded to a *pro se* party is diminished when he has significant experience[] litigating like" Plaintiff. *Id.* at *5 (citing *Faust v. Cabral*, No. 12-cv-11020-DJC, 2015 WL 395185, at *3 n.4 (D. Mass. May 15, 2015)).

[3] The Court previously granted motions to dismiss three defendants, Frank Fredrickson, Philip Magnuson, and Michael Kennefick. (ECF No. 33.)

(Complaint ¶¶ 25, 64, 115-16, 118, 121); and (2) the inclusion of Defendant's Children's Hospital on a list of charitable beneficiaries in the will of Plaintiff's aunt, which list Plaintiff claims was part of a forged addendum to the will (Complaint ¶¶ 61, 226, 239, 242, Request for Relief ¶¶ 14-16; Complaint Exhibit 6 at 2-3, ECF No. 1-6), and the result of Defendant's alleged involvement in converting various items Plaintiff asserts were part of his aunt's estate. (Complaint ¶¶ 7, 13, Request for Relief ¶¶ 14-16; Complaint Exhibit 6 at 2-3.)

Plaintiff alleges that his application for the "Holodeck" trademark entered the publication phase on April 14, 2000. (Complaint ¶ 116.) The Trademark Electronic Search System (TESS) entry for Plaintiff's trademark application (Serial No. 74428299) reflects the trademark was published for opposition on May 30, 2000, and deemed abandoned as of October 31, 2011.[4] *See* TESS, U.S. Trademark Application Serial No. 74428299 (filed Aug. 23, 1993), https://tmsearch.uspto.gov/bin/showfield?f=doc&state=4802:ivdo6e.2.15. A review of the Trademark Trial and Appeal Board's docket for Defendant's opposition of Plaintiff's trademark application reveals Defendant filed the proceeding on July 28, 2000. *See* TTABVUE, Case No. 91119754, https://ttabvue.uspto.gov/ttabvue/v?qs=74428299. The TTAB entered judgment against Plaintiff, sustaining the opposition, on August 6, 2004, and the TTAB's last communication on the matter is dated January 3, 2012.[5] *Id*.

---

[4] On a motion to dismiss for failure to state a claim, a court may consider information contained in official public records in addition to Plaintiff's factual allegations. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

[5] The TTAB noted in its communication that Plaintiff had filed a civil action in the District Court for the District of Columbia, which action was terminated with no modification of the TTAB's decision. *Id*.

Plaintiff also asserts that "[f]rom at least 2015," he advised various defendants of the alleged forgery of the addendum to his aunt's will. (Complaint ¶¶ 224, 237; Exhibit 6.) Plaintiff filed an amended petition for an order invalidating the addendum in California state court on December 5, 2014. *See Solomon v. Louie*, No. B281416, 2019 WL 1930190, at *2 (Cal. App. May 1, 2019) (unpublished). (Complaint ¶ 237.)

## DISCUSSION

### A. Statute of Limitations

Defendant argues Plaintiff's claims against it are barred by the applicable statutes of limitations. Plaintiff alleges the defendants violated his constitutional rights, and asserts his claims under the Civil Rights Act, 42 U.S.C. § 1983, (Counts One through Eight),[6] and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 (Counts Eleven and Twelve).

#### 1. Section 1983

"Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of 'any rights, privileges, or immunities secured by the Constitution and [federal] laws.'" *Gray v. Cummings*, 917 F.3d 1, 7 (1st Cr. 2019) (alteration in original) (quoting 42 U.S.C. § 1983). Plaintiff's claims arising under section 1983 are governed by Massachusetts's three-year statute of limitations. *See Carreras–Rosa v. Alves–Cruz,* 127 F.3d 172, 174 (1st Cir.1997) ("The limitation period for filing [a] § 1983 claim is governed by the applicable state statute of limitations for personal injury

---

[6] Plaintiff also asserts claims under section 1983 against Massachusetts (Count Nine) and California (Count Ten).

actions."); *Nieves vMcSweeney*, 241 F.3d 46, 51 (1st Cir. 2001) (because section 1983 does not have its own statute of limitations, a federal court "must borrow the forum state's limitation period"); *see* Mass. Gen. Laws ch. 260, § 2A.  While the forum state provides the applicable statute of limitations period, the date a claim accrues under section 1983 "is measured by federal law."  *College Hill Props., LLC v. City of Worcester*, 135 F. Supp. 3d 10, 14 (D. Mass. 2015).  "[S]uch a cause of action accrues 'when the plaintiff knows, or has reason to know of the injury on which the action is based.'"  *Id*. (quoting *Alamo-Hornedo v. Puig*, 745 F.3d 578, 581 (1st Cir. 2014) (citation omitted).  A plaintiff "is deemed to know or have reason to know 'at the time of the act itself and not at the point that the harmful consequences are felt.'"  *Moran Vega v. Cruz Burgos*, 537 F.3d 14, 20 (1st Cir. 2008) (quoting *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 6 (1st Cir. 2007)).

Plaintiff's claims concerning his trademark application are based on Defendant's opposition to the application.  Defendant filed its opposition in 2000 and the matter concluded no later than 2012, at least eight years prior to the commencement of this action.  Plaintiff's claims based on the alleged forgery of the addendum to his aunt's will arose no later than 2015, when Plaintiff authored a letter to the California Attorney General explaining the alleged forgery.  (Exhibit 6 to Complaint.)  The alleged conduct occurred and Plaintiff was aware of the conduct more than three years before he initiated this action.  Plaintiff's claims under § 1983 are thus time-barred.

### 2. RICO

RICO provides a private right of action for treble damages to '[a]ny person injured in his business or property by reason of a violation' of the Act's criminal prohibitions."

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 641 (2008) (citing 18 U.S.C. § 1964(c)). Such a claim "requires proof of several elements including the existence of a racketeering 'enterprise' and its conduct through a 'pattern' of racketeering activity." *Rectrix Aerodrome Ctrs., Inc. v. Barnstable Mun. Airport Comm'n*, 610 F.3d 8, 11 (1st Cir. 2010) (citing 18 U.S.C. § 1961(4) – (5)). Racketeering activity is defined to include a list of criminal offenses. 18 U.S.C. § 1961(1).

A civil claim under RICO is subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 438 U.S. 143, 156 (1987). In the First Circuit, a Plaintiff's case accrues and the statute of limitations begins to run at "'the time a plaintiff knew or should have known of his injury.'" *Lares Group, II v. Tobin*, 221 F.3d 41, 44 (1st Cir. 2000) (quoting *Rodriquez v. Banco Central*, 917 F.2d 664, 665 (1st Cir. 1990)). As noted, Plaintiff's claims based on his trademark application accrued no later than 2012 and the claims based on his aunt's will no later than 2015. Plaintiff's civil RICO claims, therefore, are barred by the applicable four-year statute of limitations.

## B.  Failure to State a Claim

Defendant contends dismissal is appropriate because Plaintiff has not asserted an actionable claim.

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render

6

plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14).  That is, the factual allegations must "nudge[] [the] claims across the line from conceivable to plausible." *Bell Atlantic Corp.*, 550 U.S. at 547.  To evaluate the sufficiency of the complaint, therefore, a court must "first, 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'" *Zell v. Ricci*, 957 F.3d 1, 7 (1st Cir. 2020) (alteration omitted) (quoting *Zenon v. Guzman*, 924 F.3d 611, 615-16 (1st Cir. 2019)).

Defendant argues that to the extent Plaintiff claims that it was involved in an "ongoing criminal enterprise engaged in economic and defense espionage, interference with interstate commerce, and corrupt political activities," Plaintiff has failed to allege an actionable claim against Defendant. (*See* Complaint, Introduction.)  Plaintiff's allegations are largely conclusory and do not identify the actions Defendant took in furtherance of the claimed international conspiracy.  A complaint, including a complaint drafted by a pro se plaintiff, "must provide adequate notice to defendants of the underlying facts and claims." *Ledoux v. Whitepages, Inc.*, Civil Action No. 17-30124-MGM, 2018 WL 10323624, at *3 (D. Mass. Sept. 28, 2018).  Plaintiff's complaint fails to provide Defendant with sufficient notice of Defendant's alleged involvement in the enterprise.

In his opposition to Defendant's motion, Plaintiff evidently attempts to assert a claim based on Defendant's alleged knowledge of the purported infirmities of Plaintiff's

7

aunt's will.  (Opposition at 2-3, ECF No. 82.)  Plaintiff argues Defendant failed to report "its knowledge and suspicions of the crimes against" his aunt, and therefore committed misprision of a felony in violation of 18 U.S.C. § 4.  Plaintiff's pleading requirement "is not met when a complaint is silent as to factual allegations and legal theories raised by a plaintiff in later-filed memoranda," *Ledoux* 2018 WL 10323624, at *3.  Even if the Court were to consider the additional allegations Plaintiff includes in his written argument, Plaintiff has not asserted an actionable claim against Defendant.  "Title 18 of the United States Code deals with crimes and criminal procedure.  Generally, a private citizen has no authority to initiate a federal prosecution."  *Overton v. Torreuella*, 183 F. Supp. 2d 295, 307 (D. Mass. 2001) (citing *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964)).  Only the United States may prosecute a defendant under 18 U.S.C. § 4; it provides no private right of action for a civil litigant.  *Massad v. Greaves*, 554 F. Supp. 2d 163, 166-67 (D. Conn. 2008) ("'a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone,'" does not imply that a civil cause of action may be brought by a private citizen.  554 F. Supp. 2d 163, 166 (quoting *Cort v. Ash*, 422 U.S. 66, 79-80 (1975)).  Plaintiff, therefore, has failed to state a cause of action against Defendant under 18 U.S.C. § 4.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's motion to dismiss Plaintiff's claims against Defendant University of Southern California.[7] (ECF No. 76.)

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of January, 2022.

---

[7] In response to the motions to dismiss filed by some of the other defendants, Plaintiff requested leave to amend the complaint as to the moving defendants. While I granted the requests to amend, because the amended allegations did not alter Plaintiff's claim against Defendant University of Southern California, the amended allegations do not require comment and do not impact the analysis of this recommended decision.