UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DENNIS SOLOMON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-11894-JDL |
| | ) | |
| FRANK FREDRICKSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S REQUEST FOR
COSTS AND DEFAULT JUDGMENT**

Plaintiff seeks relief based on the alleged failure of several individuals named as defendants (the defendants) to respond to his requests for a waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1).  (Motion, ECF No. 92.)  Plaintiff asks the Court to award him the costs of service and to enter a default judgment against the defendants.[1]  Following a review of Plaintiff's submissions, I recommend the Court deny Plaintiff's request for relief.

**DISCUSSION**

Rule 4(d)(1) provides that an individual who is subject to service of a summons and complaint "has a duty to avoid unnecessary expenses" to the plaintiff of making service. Fed. R. Civ. P. 4(d)(1).  A plaintiff may notify a defendant that a lawsuit has been filed

---

[1] Rule 4(d)(2) that if a defendant fails to return the waiver without good cause, the Court may require the defendant to pay:  "(A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."  Fed. R. Civ. P. 4(d)(2)(A)-(B).

against the defendant and ask the defendant to waive service of summons. *Id*. The notice and request for waiver must be in writing, addressed to the individual defendant; name the court where the complaint was filed; be accompanied by a copy of the complaint, two copies of the waiver form, and a prepaid means for returning the form; inform the defendant of the consequences of waiving and not waiving service; state the date the waiver request is sent; give the defendant a reasonable time to return the waiver; and be sent by first-class mail or other reliable means. Fed. R. Civ. P. 4(d)(1)(A)-(G). None of the defendants has filed a return of service or executed a waiver of service.

Plaintiff bears the burden to show proper service of process under Rule 4(d)(1). *Flores v. School Bd. of DeSoto Parish*, 116 Fed. App'x 504, 508 (5th Cir. 2004). Plaintiff asserts he "properly served" the defendants "by U.S. Post Office, certified mail, signature requested, the Court-issued summons, a second waiver of service, the Complaint and methods to obtain … a courtesy electronic copy in pdf and docx format …." (Motion at 1.) Plaintiff has provided no evidence to establish that he satisfied the requirements of the Rule or that he incurred service costs. Plaintiff, therefore, is not entitled to recover costs. *McCoy v. Carlson*, Case No. 3:17-cv-432. 2019 WL 2240246, at *1-2 (S.D. Ohio May 24, 2019) ("in order to recover costs and fees under Rule 4(d)(2), a plaintiff must make a sufficient showing that he satisfactorily complied with Rule 4(d)(1).") Plaintiff's request for default judgment also fails because he has not demonstrated that he complied with the Rule and that the defendants failed to waive service.[2]

---

[2] Even if Plaintiff demonstrated compliance with the Rule and the defendants' failure to waive service, default would not be appropriate. *Lewis v. Kennebec Cty.*, No. 1:16-cv-00559-JAW, 2017 WL 2274953, at

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's request for costs and for default judgment.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of February, 2022.

---

*3 (D. Me. May 24, 2017) ("Rule 4 contains the typical penalty for failing without good cause to sign and return a waiver, and it is not default…. The Court does not view the imposition of a default judgment as a proper sanction for failing or refusing to waive service.")