UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DENNIS SOLOMON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:20-cv-11894-JDL |
| | ) |
| **FRANK FREDERICKSON, et al.,** | ) |
| | ) |
| | ) |
| Defendants. | ) |

**ORDER ON THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND THE PLAINTIFF'S MOTIONS TO AMEND AND SUPPLEMENT THE COMPLAINT**

Plaintiff Dennis Solomon, who is proceeding pro se, filed a complaint (ECF No. 1) against 40 named defendants, including the President and the Vice President of the United States, in which he asserted the existence of a vast conspiracy responsible for the murder of his aunt, a forged addendum to her trust document, the creation of the COVID-19 pandemic, and the suspension of his firearms license.

I previously granted (ECF No. 33) a motion to dismiss (ECF No. 16) filed by Defendants Frank Frederickson and Philip Magnuson (respectively, the Chief of Police of Yarmouth, Massachusetts and a former Yarmouth police officer). They are alleged to have suspended Solomon's firearms license due to antireligious bias and as retaliation for Solomon's efforts to petition State of California authorities, after Solomon sent an email to another defendant about the alleged conspiracy that Frederickson deemed threatening. I also granted (ECF No. 33) the motion to dismiss (ECF No. 27) filed by Defendant Michael Kennefick, the attorney who represented

1

Defendants Frederickson and Magnuson in a Massachusetts state court proceeding about Solomon's firearms license. Solomon alleged that Kennefick made a misleading filing and intentionally caused Solomon to miss the state court hearing by providing notice only by mail. In the order granting the motions to dismiss, I concluded that Solomon's claims against these defendants for injunctive relief, declaratory relief, and damages were barred by the *Rooker-Feldman* doctrine because the claims invited me to review and reject the final state court judgment that approved the suspension of his firearms license. I subsequently denied (ECF No. 44) Solomon's motion for reconsideration (ECF No. 35).

Now Frederickson, Magnuson, and Kennefick move (ECF Nos. 47, 55) for entry of final and separate judgments under Federal Rule of Civil Procedure 54(b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). Also before me is Solomon's motion seeking certification of an interlocutory appeal of my orders granting the two motions to dismiss, which includes an embedded motion for leave to amend his complaint (ECF No. 48). Magistrate Judge John C. Nivison issued a Recommended Decision (ECF No. 70), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b), in which he recommends that I grant the motions for separate and final judgments, deny as moot Solomon's request for certification of an interlocutory appeal, and deny as futile a request to amend the complaint contained within Solomon's response (ECF No. 52) to Frederickson and Magnuson's motion for final judgment.

Solomon filed an objection (ECF No. 78) to the Recommended Decision that largely relitigates the motions to dismiss and that purports to amend his complaint to reflect what he describes as newly discovered facts. Solomon has also filed another motion seeking leave to amend his complaint (ECF No. 112), which is actually a motion for leave to supplement because he is asking to add allegations about events that took place after the filing of the complaint, *see* Fed. R. Civ. P. 15(d); namely, Frederickson's role in the recent denial of his application for a Massachusetts firearm identification card.

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a de novo determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceedings are necessary.

Additionally, I deny Solomon's Motion to Supplement the Complaint and his requests to amend his complaint contained within his Motion for Certificate of Appealability and within his objection to the Recommended Decision for a combination of "undue delay, . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015) (listing many of these same factors as reasons to deny a motion to supplement).

Solomon's new allegations are offered after the resolution of the motions to dismiss and, with the exception of the allegations in the Motion for Certificate of Appealability, after the briefing of these defendants' motions for final judgment. Further, the new allegations do not disturb my analysis that Solomon's original claims against these defendants were properly dismissed under the *Rooker-Feldman* doctrine. To the extent that Solomon aims to allege additional claims against these defendants, the new allegations are too conclusory to plausibly state a claim. *See SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."). The allegations in the Motion to Supplement the Complaint also suffer from the same *Rooker-Feldman* problem as the original complaint, as Solomon is asking me to review and reject a second state court judgment involving his suitability to possess a firearm.

Judge Nivison has already granted Solomon leave to amend his complaint three times (ECF Nos. 93, 94, 95) while also finding that none of the new allegations altered his recommendations that three motions to dismiss should be granted. Finally, and importantly, despite having been granted leave to amend his complaint three times, Solomon has yet to file an amended complaint. For these reasons, it would be unjust to permit Solomon yet another opportunity to amend or supplement his complaint.

It is therefore **ORDERED** that (1) the Recommended Decision (ECF No. 70) of the Magistrate Judge is hereby **ACCEPTED**; (2) Frank Frederickson and Philip

4

Magnuson's Motion for Entry of Judgment (ECF No. 47) is **GRANTED**; and (3) Michael Kennefick's Motion for Entry of Judgment (ECF No. 55) is **GRANTED**. Judgment shall be entered for Frederickson, Magnuson, and Kennefick.

It is further **ORDERED** that (1) Dennis Solomon's Motion for Certificate of Appealability (ECF No. 48) is **DENIED AS MOOT**; (2) Solomon's Motion for Leave to Amend the Complaint within the Motion for Certificate of Appealability (ECF No. 48) is **DENIED**; (3) Solomon's Motion for Leave to Amend the Complaint within his Opposition to Defendants Frederickson and Magnuson's Motion for Entry of Judgment (ECF No. 52) is **DENIED**; (4) Solomon's Motion for Leave to Amend the Complaint within his objection (ECF No. 78) is **DENIED**; and (5) Solomon's Motion to Supplement the Complaint (ECF No. 112) is **DENIED**.

It is further **ORDERED** that Solomon must file within ten (10) days of the issuance of this order an amended complaint reflecting those amendments for which he has previously been granted leave to amend by the Court.

**SO ORDERED.**

**Dated this 28th day of March, 2022.**

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**
