UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DENNIS SOLOMON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-11894-JDL |
| | ) | |
| FRANK FREDRICKSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PLAINITFF'S MOTION TO STAY**

This matter is before the Court on Plaintiff's motion to stay his appeal from the Court's order on Plaintiff's motion for reconsideration of the Court's entry of final judgment in favor of Defendants Fredrickson, Magnuson, and Kennefick. (Motion to Stay, ECF No. 130; Order, ECF No. 125.)  Although Plaintiff has captioned his filing as a motion to stay, he essentially asks the Court again to reconsider its decision granting the entry of final judgment in favor of Defendants Fredrickson, Magnuson, and Kennefick.  Plaintiff writes: "Plaintiff requests this Court stay the Notice of Appeal and reconsider its Order of Dismissal as to Defendants Fredrickson, Magnuson and Kennefick." (Motion at 3.)

To the extent Plaintiff seeks to stay the appeal currently pending before the Court of Appeals for the First Circuit, Plaintiff must direct his request to the First Circuit.  Even if this Court could stay the appeal, the reason cited for the stay – for the Court to reconsider its decision to enter final judgment in favor of Defendants Fredrickson, Magnuson, and Kennefick – is without merit.

The grant of a request for reconsideration is "an extraordinary remedy" for which "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (citations and internal quotation marks omitted). As with Plaintiff's prior motion for reconsideration, Plaintiff has presented no new evidence that would alter the Court's decision nor cited a manifest error of law. Accordingly, I recommend the Court deny Plaintiff's motion to stay and deny Plaintiff's request to reconsider the Court's entry of judgment in favor of Defendants Fredrickson, Magnuson, and Kennefick.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of June, 2022.