UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:20-cv-11894-JDL |
| | ) |
| FRANK FREDERICKSON, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

# ORDER

Plaintiff Dennis Solomon, who is proceeding pro se, filed a complaint (ECF No. 127) against 40 or more defendants, including the President and the Vice President of the United States, in which he asserts the existence of a vast conspiracy responsible for the murder of his aunt, a forged addendum to her trust document, the creation of the COVID-19 pandemic, and the suspension of his firearms license. This matter is before me on four motions to dismiss the complaint filed by Defendant Robert C. Lawless (ECF No. 62); Defendant Michel Moore (ECF No. 73); Defendants Tani G. Cantil-Sakauye, Anne Harwood Egerton, Luis A. Lavin, Maria E. Stratton, John Shepard Wiley, Jr., and Halim Dhanidina (ECF No. 74); and Defendant University of Southern California (ECF No. 76). Solomon has also filed two motions that relate to my disposition of these motions to dismiss (ECF Nos. 106, 111), which will be addressed below. Also before me is Solomon's Motion for Declaratory Affirmation of Applicability of Rule 4(d)(2) (ECF No. 92).

1

## I. MOTIONS TO DISMISS

United States Magistrate Judge John C. Nivison filed his Recommended Decisions (ECF Nos. 93, 94, 95, 96) with the Court on January 20, 2022, pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b), recommending that I grant the four motions to dismiss. Solomon filed objections (ECF Nos. 103, 104, 105, 106) to each Recommended Decision, one of which (ECF No. 106) contains an embedded motion for leave to amend his complaint. Solomon also moves (ECF No. 111) for leave to supplement his objection to the Recommended Decision pertaining to Lawless.

I have reviewed and considered the Recommended Decisions, together with the entire record, and have made a de novo determination of all matters adjudicated by Magistrate Judge Nivison. I concur with the recommendations of Magistrate Judge Nivison for the reasons set forth in his Recommended Decisions and determine that no further proceedings are necessary. I further conclude that, although Magistrate Judge Nivison recommends that I grant Moore's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), it is equally appropriate to grant Moore's motion under Rule 12(b)(6) because the amended complaint does not plausibly describe any conduct by Moore or the Los Angeles Police Department (where he is the Chief of Police) that would constitute any of the violations of federal law asserted by Solomon. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I deny Solomon's request for leave to amend the complaint suggested in his motion because the proposed factual allegations would not cure the deficiencies

identified by Magistrate Judge Nivison. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). I deny Solomon's motion for leave to supplement the objection because the proposed objection is nonresponsive to the multiple reasons provided by Magistrate Judge Nivison in support of his recommendation that the Court grant Lawless's motion to dismiss.

In the Recommended Decision with respect to the motion to dismiss filed by Cantil-Sakauye, Egerton, Lavin, Stratton, Wiley, and Dhanidina, Magistrate Judge Nivison also granted those defendants' request to strike paragraph 256 of the original complaint (ECF No. 1). That paragraph contains a conclusory allegation that Stratton participated in the murder of two doctors. It is not clear how this scandalous allegation is connected to Solomon's other allegations against Stratton, which relate to alleged misconduct arising out of her work as the trial judge in one of Solomon's prior cases. Solomon objected (ECF No. 100) and filed an amended complaint (ECF No. 127) that contains the same allegation at paragraph 270.

Pursuant to Federal Rule of Civil Procedure 72(a), I "must consider timely objections and modify or set aside any part of [a non-dispositive] order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C.A. § 636(b)(1)(A); *SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-cv-00333, 2014 WL 1203244, at *1 (D. Me. Mar. 24, 2014) ("When the Magistrate Judge issues an order on a non-dispositive matter, the Court reviews factual findings for clear error and legal findings de novo."). Having reviewed Magistrate Judge Nivison's factual determinations for clear error and his legal

3

determinations de novo, together with the entire record, I find no error in his factual and legal determinations. Paragraph 270 of the amended complaint is stricken.

## II. MOTION FOR DECLARATORY AFFIRMATION OF APPLICABILITY OF RULE 4(d)(2)

Magistrate Judge Nivison filed his Recommended Decision (ECF No. 101) with the Court on February 2, 2022, pursuant to 28 U.S.C.A. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), recommending that I deny Solomon's Motion for Declaratory Affirmation of Applicability of Rule 4(d)(2). Solomon objected (ECF No. 108).

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a de novo determination of all matters adjudicated by Magistrate Judge Nivison. I concur with the recommendation of Magistrate Judge Nivison for the reasons set forth in his Recommended Decision and determine that no further proceedings are necessary.

To the extent that Solomon's motion should be construed as a request that the Court instruct certain defendants about the existence of Federal Rule of Civil Procedure 4(d)(2), as he appears to argue in his objection, I have previously advised Solomon that "Rule 4(d)(2) is sufficient warning by itself." ECF No. 26 at 3.

## III. CONCLUSION

It is therefore **ORDERED** that (1) the Recommended Decisions (ECF Nos. 93, 94, 95, 96, 101) of the Magistrate Judge are hereby **ACCEPTED**; (2) Lawless's motion to dismiss (ECF No. 62) is **GRANTED**; (3) Moore's motion to dismiss (ECF No. 73) is **GRANTED**; (4) Cantil-Sakauye, Egerton, Lavin, Stratton, Wiley, and Dhanidina's motion to dismiss (ECF No. 74) is **GRANTED**; (5) the University of Southern

California's motion to dismiss (ECF No. 76) is **GRANTED**; (6) Solomon's embedded motion for leave to amend his complaint (ECF No. 106) is **DENIED**; (7) Solomon's motion for leave to supplement his objection (ECF No. 111) is **DENIED**; (8) the amended complaint (ECF No. 127) is **DISMISSED** as to Lawless, Moore, Cantil-Sakauye, Egerton, Lavin, Stratton, Wiley, Dhanidina, and the University of Southern California; (9) paragraph 270 of the amended complaint (ECF No. 127) is **STRICKEN**; and (10) Solomon's Motion for Declaratory Affirmation of Applicability of Rule 4(d)(2) (ECF No. 92) is **DENIED**.

With the granting of these defendants' motions to dismiss, Solomon's remaining claims all pertain to defendants who have not yet appeared in this litigation.  More than 90 days have elapsed since Solomon filed his original complaint on October 19, 2020, but it is not clear from the record whether Solomon has validly served any of the remaining defendants.  "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  It is therefore **ORDERED** that Solomon must within 21 days either (1) file proof that he properly served each remaining defendant or (2) show good cause in writing as to why service was not timely made and provide an explanation of the efforts that he has made to effectuate service as to each remaining defendant, failing which the amended complaint will be dismissed as to those defendants.

**SO ORDERED.**

**Dated this 27th day of June, 2022.**

                                    /s/ Jon D. Levy
                                    **CHIEF U.S. DISTRICT JUDGE**