UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS SOLOMON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:20-cv-11894-JDL |
| | ) |
| FRANK FREDRICKSON, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff filed suit in October 2020, alleging that many defendants, including some high-ranking government officials, participated in a vast conspiracy against him. (Complaint, ECF No. 1.)  As relevant here, Plaintiff alleged Defendant Fredrickson, the Chief of Police for the town of Yarmouth, Defendant Magnuson, a police officer employed by the town of Yarmouth, and Defendant Kennefick, an attorney for the town of Yarmouth, (collectively, the Defendants), violated Plaintiff's First, Second and Fourth Amendment rights during the course of the administrative suspension of Plaintiff's firearms license and the judicial proceeding that followed. (*Id.* at 5–6, 10–12.)

In January and March 2021, the Defendants sought dismissal of Plaintiff's claims against them. (Motions to Dismiss, ECF Nos. 16, 27.)  In May 2021, the Court granted Defendants' motions and dismissed the claims. (Order, ECF No. 33.)  The Court determined that the *Rooker-Feldman* doctrine, which bars lower federal courts from

reviewing or overturning state court judgments,[1] precluded Plaintiff's claims against the Defendants because the claims against them could have been raised in the state proceeding, and the relief Plaintiff sought—"the reinstatement of his firearms license" based on the allegation that it was wrongfully revoked—was "exactly the relief that the state court denied in a final judgment on the merits." (*Id.* at 8; *see also*, Complaint ¶ 311.)

While the case proceeded against other defendants, some of whom also filed motions to dismiss, the Defendants filed motions pursuant to Rule 54(d) seeking entry of final judgment as to the dismissed claims against them. (Motions for Entry of Judgment, ECF Nos. 47, 55.) In March 2022, the Court granted the motions. (Order, ECF No. 116.)

In June 2022, Plaintiff filed a motion for relief from judgment pursuant to Rule 60(b) and Rule 62.1. (Motion, ECF No. 137.) Plaintiff sought to revive the claims against the Defendants based on the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The *Bruen* Court struck down the "may issue" licensing provisions of six states, including Massachusetts, finding that the statutory language infringed an individual's right to carry a handgun for self-defense outside the home, which right is protected by the Second and Fourteenth Amendments. *Id.* at 2122, 2124 n.2. Plaintiff argues that the problematic aspect of the language in *Bruen* was the grant of "open-ended discretion to licensing officials" *id.* at 2161 (Kavanaugh, J. concurring), which Plaintiff contends is also present in the "suitability" provisions of the Massachusetts license suspension scheme. (Motion at 1–2.)

---

[1] *See generally*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

## DISCUSSION

Rule 60(b)[2] affords relief from a final judgment only under exceptional circumstances. *Skrabec v. Town of N. Attleboro*, 878 F.3d 5, 9 (1st Cir. 2017). "A party seeking Rule 60(b) relief must show, at a bare minimum, 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" *Id.* (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)).[3]

Plaintiff's argument fails, however, because a post-judgment change in decisional law ordinarily does not justify granting relief from a judgment. *United States v. Kayser-Roth Corp.*, 103 F. Supp. 2d 74, 80 (D.R.I. 2000) ("Because of the strong policy interest in preserving the finality of judgments, a change in the law, by itself, does not justify granting relief under Rule 60(b)"). Even if this was a situation that called for relief from a judgment

---

[2] The text of the rule provides that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

[3] Although Plaintiff cites Rule 60(b)(2), a change in decisional law is typically analyzed under the catchall paragraph (6). *See Brown v. Clark Equip. Co.*, 96 F.R.D. 166, 168 (D. Me. 1982).

based on a new Supreme Court decision, the ruling Plaintiff cites, *Bruen,* did not undermine the applicability of the *Rooker-Feldman* doctrine to the claims Plaintiff brought against the Defendants.  Neither the state court nor this Court analyzed the constitutionality of the Massachusetts "suitability" provisions because Plaintiff's challenge and requested relief focused on the applicability of the provisions to the circumstances of his case. [4]  *Bruen*, therefore, does not call into question the judgment in favor of Defendants Frederickson, Magnuson, and Kennefick.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for relief from judgment.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of August, 2022.

---

[4] The Court does not need to address at this time whether *Bruen* might impact some other potential claim for prospective relief that Plaintiff or another individual might be able to bring regarding the future enforceability of the Massachusetts "suitability" license suspension provisions.