UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DENNIS SOLOMON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:20-cv-11894-JDL |
| | ) |
| **FRANK FREDRICKSON, et al.,** | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S REQUEST FOR RECONSIDERATION**

Plaintiff Dennis Solomon, who is proceeding pro se, has filed a motion pursuant to Fed. R. Civ. P. 59(e) seeking reconsideration (ECF No. 152) of this Court's Order of August 25, 2022 (ECF No. 149). The Order accepted the Recommended Decision of the Magistrate Judge (ECF No. 145), denied Solomon's Motion for Relief from Judgement (ECF No. 137), and dismissed Solomon's Amended Complaint (ECF No. 127) as to all remaining defendants.

In his Motion for Reconsideration, Solomon seeks to vacate this Court's August 25, 2022, Order and reinstate his case. He also requests that this Court[1] and Chief Judge David J. Barron of the First Circuit reconsider his Motion to Recuse Judge Levy (ECF No. 40), due to the appearance of partiality in violation of the Code of Conduct for United States Judges, the Maine Code of Judicial Conduct, and 28 U.S.C.A. § 455 (West 2022). Specifically, Solomon alleges that the dismissal of his claims against several of the Defendants pursuant to the *Rooker-Feldman* doctrine

---

[1] For the sake of clarity, I refer to judicial actions taken by me as those of "this Court" or "Judge Levy."

1

was improper and reflected Judge Levy's personal bias. He further claims that this Court's denial (ECF No. 101) of his Motion for Declaratory Affirmation of Applicability of Rule 4(d)(2) (ECF No. 92) also resulted from Judge Levy's personal bias against him.

## I. DISCUSSION

"[A]ny motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued." *Villanueva-Méndez v. Nieves Vázquez*, 360 F. Supp. 2d 320, 323 (D.P.R. 2005), *aff'd,* 440 F.3d 11 (1st Cir. 2006). A motion to alter judgement requires a moving party to meet an extraordinarily high bar: to prevail on a Rule 59(e) motion, the party "must either clearly establish a manifest error of law or must present newly discovered evidence." *F.D.I.C. v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir. 1992); *see also Kansky v. Coca–Cola Bottling Co. of New Eng.,* 492 F.3d 54, 60 (1st Cir. 2007). "The rare situations in which courts allow reconsideration are 'narrowly configured and seldom invoked' . . . ." *Dias v. Saul*, No. 18-cv-10280-ADB, 2019 WL 13104455, at *1 (D. Mass. Dec. 6, 2019) (quoting *United States v. Connell*, 6 F.3d 27, 31 (1st Cir. 1993)). In limited circumstances, a party may be able to obtain relief under Rule 59(e) if they can show that granting the motion is "necessary to prevent manifest injustice." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (3d ed. 2022). Although the First Circuit and some district courts have acknowledged manifest injustice as grounds for altering or amending a judgment, they have not expressly discussed the

standards for granting motions that rely on that ground. *Trinidad v. City of Bos.*, No. 07-11679-DPW, 2011 WL 915338, at *4-5 (D. Mass. Mar. 15, 2011).

Here, Solomon alleges that the dismissal of his claims against Defendants Frank Fredrickson, Michael Kennefick, and Philip Magnuson[2] pursuant to the *Rooker-Feldman* doctrine "evidences either [Judge Levy's] incompetent knowledge, disrespect for the law, or personal bias." ECF No. 152 at 2. Contrary to Solomon's assertion, the dismissal of these claims does not constitute a manifest error of law, nor does it reflect improper bias. "*Rooker-Feldman* squarely applies when a plaintiff insists that [a federal court] must review and reject a final state court judgment," even when the plaintiff has not "actually argued the merits of [his] claim[] in state court." *Davison v. Gov't of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006). As this Court plainly stated in its Order dismissing claims against the above-described Defendants:

> A judgment in favor of Solomon in this Court would necessarily imply that the state court wrongly decided those issues. . . . Additionally, although Solomon briefly purports to challenge the Massachusetts law's constitutionality generally, his Complaint is framed entirely in personal terms, and his solitary facial allegation plainly represents "an attempt to carve a general constitutional challenge out of his federal lawsuit in order to escape the jurisdictional bar of *Rooker-Feldman*."

ECF No. 33 at 6 (quoting *Wilson v. Shumway*, 264 F.3d 120, 126 (1st Cir. 2001)).

Furthermore, "the First Circuit has determined that Rule 59(e) generally 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly

---

[2] In his Motion, Solomon refers to "Defendant Moore," however the Order that Solomon refers to (ECF No. 33) dismissed claims against Defendant Philip Magnuson, not Defendant Michael Moore.

does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Trinidad*, 2011 WL 915338, at *3 (quoting *Crawford v. Clarke,* 578 F.3d 39, 44 (1st Cir. 2009)). The purpose of a Rule 59(e) motion is not to "revisit[] a party's case and reargue[] theories previously advanced and rejected." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006); *see also Soto-Padró v. Pub. Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir. 2012) (finding that Rule 59(e) cannot be used "to rehash arguments previously rejected").

    Here, Solomon attempts to relitigate issues that this Court has already ruled on. First, he requests reconsideration of "the appointment of and need for the disqualification" of Judges Levy and Nivison. ECF No. 152 at 1. Solomon's Motion to Recuse Judge Levy (ECF No. 40) was denied on August 6, 2021 (ECF No. 43), and Rule 59(e) is not the appropriate mechanism to challenge that decision absent newly discovered evidence or a manifest error of law. Second, Solomon again seeks to recover expenses for service of unresponsive defendants, even though this Court previously found that Solomon failed to show that he incurred service costs, as required by Fed. R. Civ. P. 4(d)(1)-(2). In his latest motion, Solomon refers to an "Affidavit of Service by Certified Mail"[3] and provides a list of tracking numbers for summonses allegedly served on unresponsive defendants "on or about October 5,

---

[3] It is not clear from the record what document Solomon refers to here, as there is no citation to the docket. I will assume that this is in reference to ECF No. 54, "Plaintiff Solomon Declaration and Notice of Service of Summons In Accordance With Federal Law." This Declaration was filed with the Court on October 6, 2021, stating that "he ha[d] caused, within his personal budgetary constraints, a majority of the issued Summons in the present case to be served in accordance with Federal Law. . . . The Service of Summons will continue diligently as funds permit." ECF No. 54 at 1.

2021." ECF No. 152 at 3. As noted above, Rule 59(e) is not a mechanism to revisit a party's procedural failures, and Solomon's latest additions do not excuse his earlier refusal to comply with the Court's Order of June 27, 2022 (ECF No. 136), which required him to file proof of proper service or show good cause in writing as to why service was not made to the remaining defendants and the efforts that were made to effectuate service within 21 days. Neither the Affidavit nor the list of tracking numbers meet these requirements.

Solomon also seeks to reinstate his case without presenting any new evidence and his motion simply reiterates conclusory allegations and grievances from his Amended Complaint (ECF No. 127). He makes the conclusory allegation that the Court is complicit in the Defendants' "ongoing criminal enterprise and conspiracies" without specific factual support for his claims. ECF No. 152 at 4. He repeats his allegations regarding the "unconscionable nature of the Defendants' crimes" against his aunt and the Jewish community and their "conspiracy to obstruct, intim[idate] and tamper" with the investigation, all of which were included in his original Complaint. ECF No. 152 at 4, 8. He also repeats his conclusory allegations regarding the Defendants' conspiracies to spread COVID-19, and recounts theories about the connection between his aunt's death and bombings that took place in Argentina in the 1990s. This Court has already rejected these arguments and claims for relief, and Solomon fails to present any newly discovered evidence or manifest errors of law.

## II.  CONCLUSION

For the foregoing reasons, it is **ORDERED** that Solomon's Motion for Reconsideration (ECF No. 152) is **DENIED**.

**SO ORDERED.**

**November 2, 2022.**

___/s/ JON D. LEVY___
**CHIEF U.S. DISTRICT JUDGE**
